GARRISON, WRIGHT & CO. v. UNITED STATES.

(Circuit Court, S. D. New York. February 19, 1903.)

No. 2,933.

1. CUSTOMS DUTIES—MANUFACTURES OF SILK.

Garnitures and hussar sets in designs of silk cord and braid, stitched in place in extremes about 16 inches long and 10 or 11 inches wide for the fronts of dress waists, and 24 to 26 inches long and 20 to 24 inches wide for dress skirts, and bought and sold by the piece, are not dutiable as silk trimmings, under Tariff Act 1897, par. 390 (30 Stat. 187 [U. S. Comp. St. 1901, p. 1670]), but as manufactures of silk not specially provided for, under paragraph 391 (30 Stat. 187 [U. S. Comp. St. 1901, p. 1670]).

Albert Comstock, for appellants.

Charles D. Baker, Asst. U. S. Atty.

WHEELER, District Judge. These articles, except blouses withdrawn, are garnitures and hussar sets in designs of silk cord and braid, stitched in place in extremes about 16 inches long and 10 or 11 wide for the fronts of dress waists, and 24 to 26 long, and 20 to 24 wide for dress skirts. They have been assessed for duty as silk "trimmings," at 60 per cent. ad valorem, under paragraph 390 of the act of 1897 (30 Stat. 187 [U. S. Comp. St. 1901, p. 1670]), against a protest that they are dutiable at only 50 per cent., as manufactures of silk not specially provided for, under paragraph 391 (30 Stat. 187 [U. S. Comp. St. 1901, p. 1670]). They appear to be bought and sold at so much apiece, and trimmings as such by measure. Some evidence before the board showed that, in a broad sense, they might be called trimmings. Other evidence there, with all that taken in this court, shows that in trade they are known by their more specific names, and not as trimmings. The division between narrow goods of various kinds sold by measure for elaboration, and those made up and sold separately for ornamentation, seems to prevail in trade; leaving the former as trimmings, and the latter not. The dropping of the word "ornaments" from the act of 1897 [U. S. Comp. St. 1901, p. 1626], does not indicate that what would be ornaments are to be trimmings, rather than manufactures or anything else, for which apt words are retained, or otherwise seem to show that the well-established distinction between trimmings and other articles was intended to be removed.

Decision reversed.

THE C. J. RENO.

(District Court, N. D. New York. February 27, 1903.)

1. COLLISION—STEAMER AND FERRYBOAT CROSSING—VIOLATION OF RULES.

A ferryboat was crossing the Hudson river to Albany on her usual course, which was slightly down the river, when a steamer with tows was coming up near the west side. The ferryboat gave a signal of one whistle, indicating her intention to keep her course, which she had a right to do as the privileged vessel, and after stopping and receiving no answer she proceeded. The steamer neither saw the ferryboat, although in plain sight, nor heard her signal, and kept her course until it was too late to avoid collision. Held, that the steamer was in fault for