STEGEMANN *v.* UNITED STATES (No. 962).[1]

BATTERY RODS MADE OF CARBON.

The rods of the importation, when fitted with brass caps, make poles of a galvanic battery of a kind, though not completed poles. Reviewing the legislative history of paragraph 95, tariff act of 1909, and the construction it has received by the courts, the intention is manifest that articles like those described are not subject to the duties imposed by that paragraph upon articles and wares composed of earthy or mineral substances. The merchandise is a manufacture of carbon and is classifiable and dutiable as a nonenumerated manufacture under paragraph 480, tariff act of 1909.

United States Court of Customs Appeals, February 12, 1913.

APPEAL from Board of United States General Appraisers, Abstract 28757 (T. D. 32584).

[Reversed.]

*Comstock & Washburn (J. Stuart Tompkins* of counsel) for appellant.
*William L. Wemple,* Assistant Attorney General (*Charles Duane Baker,* special attorney, of counsel), for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

SMITH, Judge, delivered the opinion of the court:

The collector of customs at the port of New York classified certain carbon battery rods as articles not decorated, composed in chief value of earthy or mineral substances and not specially provided for. The goods were accordingly assessed for duty at 35 per cent ad valorem under that part of paragraph 95 of the tariff act of 1909, which reads as follows:

95. Articles and wares composed wholly or in chief value of earthy or mineral substances, not specially provided for in this section, whether susceptible of decoration or not, if not decorated in any manner, thirty-five per centum ad valorem; * * *.

The importers protested that the goods were dutiable at 20 per cent ad valorem either as carbon not specially provided for under paragraph 95 or as nonenumerated manufactured articles under paragraph 480, and that if not dutiable at 20 per cent ad valorem they were dutiable at 30 per cent ad valorem under the last clause of para-

---

graph 95. The parts of paragraph 95 and of 480 upon which the importers rely are as follows:

95. * * * Carbon, not specially provided for in this section, twenty per centum ad valorem; electrodes, * * * composed wholly or in chief value of carbon, thirty per centum ad valorem.

480. That there shall be levied, collected, and paid on the importation of all * * * articles manufactured, in whole or in part, not provided for in this section, a duty of twenty per centum ad valorem.

The Board of General Appraisers overruled the protest and the importers appealed.

As appears from the evidence in the case the goods in question are rods or sticks of carbon made from an amorphous carbon produced from coal in retorts used for the manufacture of illuminating gas. This carbon, after being removed from the gas retorts, is first ground and then made up into round rods or sticks, such as those imported. The carbon rods or sticks are designed to form part of an appliance for the generation of electricity, and when fitted with a brass cap they are ready for use as one of the poles of a dry battery. It is not claimed and there is no evidence in the case showing that the importation is similar in material, quality, texture, or use to carbons for electric lighting.

The Government contends that the goods are articles or wares composed of earthy or mineral substances and therefore dutiable under the express provisions of the first clause of paragraph 95. We can not agree with this contention, and do not think that any such interpretation of paragraph 95 can be fairly deduced either from the wording of the paragraph or from the history of the legislation.

Prior to the passage of the tariff act of 1894 there was no provision for articles or wares composed of earthy or mineral substances. Paragraph 86 of that act, however, provided specifically for "articles composed of earthen or mineral substances, * * * not specially provided for," and levied on them a duty of 40 per cent ad valorem if decorated and 30 per cent ad valorem if not decorated. Under this provision customs officials classified carbon points, sticks or pencils made of lampblack, natural graphite, or other carbon products as articles composed of earthen or mineral substances and charged them with the duties which that classification required. In time a ruling to that effect by the collector of customs at New York was protested by Dingelstedt & Co., who claimed that carbon points were not properly classifiable as articles composed of earthen or mineral substances and that such goods, notwithstanding the language of paragraph 86, were still dutiable as nonenumerated manufactured articles. The protests were overruled by the board, but subsequently on appeal to the Circuit Court of Appeals that decision was reversed and the contention of Dingelstedt & Co. sustained. Judge Lacombe, speaking for the Circuit Court of Appeals, said:

The phrase, "all articles composed of mineral substances," standing alone, is one of great breadth, and would cover a great multitude of articles of the most diverse character. But in the tariff act now before us the phrase does not stand alone, and it

is a familiar rule of interpretation that general descriptive terms are often restricted in their meaning by reason of their collocation with other words and phrases.

\* \* \* The collocation of paragraph 86 would seem to indicate most strongly that the phrase, "all articles composed of \* \* \* mineral substances," was not used in its broadest sense, but restricted to articles composed of mineral substances similar to those enumerated in the schedule, if not in the subdivision.

\* \* \* If the phrase relied on were to be given the broad construction contended for, it would be wholly unnecessary to provide specially for lava tips; they would be included in the general phrase. Evidently Congress understood that this general phrase was used by it in such a restricted sense that it would not cover the lava tips, and therefore they were specially provided for. Construed as above indicated, the paragraph would not cover the carbons now before the court. (Dingelstedt & Company *v*. United States, 91 Fed., 112.)

From that language it would seem that the Circuit Court of Appeals intended to decide and did decide definitely that a provision for "articles composed of earthen or mineral substances" was not broad enough to cover articles of carbon. Moreover, that there was a distinction between articles of carbon and articles composed of earthen or mineral substances was recognized by Congress itself when it passed paragraph 97 of the tariff act of 1897 and therein made specific provision for articles of carbon. Paragraph 97 was amendatory of paragraph 86 of the tariff act of 1894 and was as follows:

97. Articles and wares composed wholly or in chief value of earthy or mineral substances, *or carbon*, not specially provided for in this Act, if not decorated in any manner, thirty-five per centum ad valorem; if decorated, forty-five per centum ad valorem.

Apparently under the impression that the change accomplished in existing law by paragraph 97 was intended to meet the Dingelstedt case and taking no account of Judge Lacombe's intimation therein that the laying of a higher rate of duty on articles if decorated and a lower rate if undecorated indicated an intention on the part of Congress to impose the duty prescribed only on wares susceptible of decoration, collectors of customs were led to classify sticks or rods of carbon for electric lighting as articles of carbon within the meaning of paragraph 97 of the tariff act of 1897. The Supreme Court, however, in the Downing case, held that carbon sticks, points, or rods, made for electric lamps, but not ready for use, were not articles of carbon within the intention of paragraph 97, inasmuch as they were not susceptible of decoration. United States *v*. Downing (201 U. S., 354–358). That decision removed articles of carbon not specially provided for and not susceptible of decoration from the operation of paragraph 97 and, save such as could be classified by similitude to carbons for electric lighting, returned them all to the classification which they had borne under the tariff act of 1894, namely, nonenumerated articles, manufactured in whole or in part.

From all this it seems clear that prior to the passage of the present tariff act the following propositions had been expressly settled by the courts:

First. That articles of carbon, whatever their nature or use might be, were not covered by a provision for "articles composed of earthen or mineral substances."

Second. That a provision for "articles * * * of * * * carbon, * * * if not decorated in any manner, thirty-five per centum ad valorem; if decorated forty-five per centum ad valorem," did not embrace articles of carbon which were not susceptible of decoration.

Third. That unless specially provided for, articles of carbon, not susceptible of decoration, and not similar to carbons for electric lighting, were properly classifiable and dutiable under the tariff act of 1897 as nonenumerated manufactured articles.

When the tariff act of 1909 was in the making, the interpretation which had been placed by the courts on paragraph 86 of the tariff act of 1894 and on paragraph 97 of the tariff act of 1897 was in the mind of Congress, and if there had been any intention to impose on articles of carbon not specially provided for the duties prescribed for articles composed of earthy or mineral substances, nothing more was necessary than to amend paragraph 97 of the tariff act of 1897 by inserting after the enumeration the phrase "whether susceptible of decoration or not." Congress did insert that phrase, but at the same time it dropped articles of carbon from the enumeration, and that left the law just where it was in 1894 so far as articles of carbon not specially provided for were concerned. The fact that the provision for articles of carbon was omitted from paragraph 95 of the present tariff act can not be construed into a legislative intention to do away with the well-established tariff distinction which had theretofore prevailed between articles of carbon and articles of earthy or mineral substances. Dropping the enumeration did not drop the distinction, especially as the distinction was recognized by Congress itself in the tariff act of 1897. Garrison v. United States (121 Fed., 149); United States v. Beierle (1 Ct. Cust. Appls., 457–461; T. D. 31506); Robertson v. Rosenthal (132 U. S., 460–464).

Taking into consideration the legislative history of paragraph 95 and the construction put upon its prototypes by the tribunals charged with the interpretation of tariff acts, we can come to no other conclusion than that Congress deliberately intended that such articles should not be subjected to the duties imposed upon articles and wares composed of earthy or mineral substances.

It is claimed by the importers that the goods under discussion are carbon within the meaning of paragraph 95. About all that we can find in support of that contention is evidence to the effect that the articles are sometimes called "carbons." That designation of them, however, would hardly justify their classification as carbon, which is the material out of which the articles are made. In our

opinion, they are not carbon, but manufactures of carbon, that is, things made out of carbon. As appears from the evidence, the rods, when fitted with brass caps, constitute one of the poles of a kind of galvanic battery. As the rods in the condition in which imported are not provided with brass caps they can hardly be regarded as completed poles, ready for use, and therefore we think that they are not classifiable as electrodes.

As the merchandise is clearly a manufacture of carbon not otherwise provided for, we think it should be classified as a nonenumerated manufacture and subjected to the duty of 20 per cent ad valorem prescribed by paragraph 480.

The decision of the Board of General Appraisers is *reversed*.