## UNITED STATES *v.* BILLIN & CO. (No. 1976).[1]

SECTION 300, WAR REVENUE ACT OF 1917 (CHAP. 63; L., 1917)—INTERNAL REVE-
NUE—DUTY—JURISDICTION OF BOARD.

The provision of section 300, war-revenue act of 1917 (Chap. 63, L., 1917), levying an additional tax upon imported distilled liquor, describes an import tax and not an internal-revenue tax. United States *v.* Shallus & Co. (9 Ct. Cust. Appls., 168; T. D. 37999). The decision of the Board of United States General Appraisers dismissing the protest for want of jurisdiction in themselves is reversed.

United States Court of Customs Appeals, December 12, 1919.

APPEAL from Board of United States General Appraisers, unpublished decision of
April 9, 1919.

[Reversed.]

*Bert Hanson*, Assistant Attorney General, for the United States.
*Comstock & Washburn* and *J. Stuart Tompkins* for appellees.

[Oral argument Oct. 15, 1919, by Mr. Hanson and Mr. Tompkins.]

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

SMITH, Judge, delivered the opinion of the court:

Five thousand cases of whisky were entered for warehouse on July 10, 1917, at the port of New York, and of that number 3,650 cases still remained in warehouse on the 4th day of October, 1917. In addition to $2.60 per gallon regular duty provided for by the tariff act of October 3, 1913, the collector assessed $2.10 per gallon on all cases in warehouse on October 4, 1917, under the provisions of section 300 of the act of October 3, 1917, entitled "An act to provide revenue to defray war expenses, and for other purposes." Section 300 reads as follows:

SEC. 300. That on and after the passage of this act there shall be levied and collected on all distilled spirits in bond at that time or that have been or that may be then or thereafter produced in or imported into the United States * * * in addition to the tax now imposed by law, a tax of $1.10 (or, if withdrawn for beverage

[1] T. D. 38223 (37 Treas. Dec., 295).

purposes or for use in the manufacture or production of any article used or intended for use as a beverage, a tax of $2.10) on each proof gallon, or wine gallon. * * *.

The importers objected to the action of the collector and submitted their protest, which in so far as it is pertinent to the case, reads as follows:

We claim that your assessment of duty of $2.10 per gallon on 8,041.4 gallons is erroneous for the reason that a considerable portion of this whisky should not be subject to the tax of $2.10 per gallon to the collector of customs, as 400 cases of this lot, which were duty-paid on October 4, 1917, were included in inventories filed by us and other clients of ours, and said tax of $2.10 per gallon was paid to the United States internal-revenue collectors on the 400 cases, for which we hereby make claim for a refund of this duty or tax at the rate of $2.10 per gallon on 400 cases, which cases were withdrawn from bond on October 4, 1917.

In due course the collector transmitted the papers to the Board of General Appraisers, accompanied by the following report:

The importation in question consists of 5,000 cases of whisky entered for warehouse on July 10, 1917. As 3,650 cases remained in warehouse October 4, 1917, this office, governed by T. D. 37391 and provision in section 300 of the act approved October 3, 1917, directing "that on and after the passage of this act there shall be levied and collected on all distilled spirits in bond at that time" assessed in addition to the regular duty of $2.60 per gallon provided for under schedule H of the act of October 3, 1913, a further duty or tax of $2.10 per gallon provided in section 300 of the act of October 3, 1917. Note T. D. 37510, also statement of goods in warehouse on October 4, 1917, inclosed in the entry.

When the case came on for hearing before the board no evidence was offered by the importers and the case was apparently submitted to the board on the report and papers forwarded by the collector to the board after the protest was filed.

The board held that the issue raised by the protest was like that which was the subject of the board's decision in Samuel Streit's case (G. A. 8207; T. D. 37811). In that case the board held that the tax laid by section 300 on distilled spirits withdrawn for beverage purposes or for use in the manufacture or production of any article used or intended for use as a beverage, was an internal-revenue tax and not a duty tax, and therefore dismissed the importer's protest for want of jurisdiction of the subject matter in controversy.

In the case of United States *v.* Shallus (9 Ct. Cust. Appls., 168; T. D. 37999), we decided that the tax imposed by section 300 on distilled spirits imported or withdrawn for beverage purposes or for use in the manufacture of beverages was not an internal-revenue tax, but an import or duty tax. We accordingly held that the board had jurisdiction to hear protests against the collector's assessment and collection of such tax, and remanded the case for trial. The ruling in the Shallus case is applicable here and the decision of the board herein is therefore reversed. The case is remanded for further proceedings in conformity with this opinion.

*Reversed.*