### BATJER & CO. ET AL. *v.* UNITED STATES (No. 2054).[1]

1 CONSTRUCTION, SECTION 300, WAR REVENUE ACT OF OCTOBER 3, 1917—SPIRITS—CORDIALS.

In revenue legislation cordials and distilled spirits are, and have been for more than 75 years, separate and distinct things. Consequently the provision of section 300, war revenue act of October 3, 1917, for an additional tax on imported distilled spirits does not apply to cordials.

2. CONSTRUCTION, SECTION 309, WAR REVENUE ACT OF OCTOBER 3, 1917—"SOLD AS WINES"—"CORDIALS"—"LIQUEURS."

In the clause of section 309, war revenue act of October 3, 1917, levying additional duty on imported " * * * liqueurs, cordials, artificial or imitation wines or compounds sold as wines," the phrase "sold as wines" does not relate back to liqueurs and cordials so as to make the section applicable only to such liqueurs and cordials as are sold as wines. The section embraces *all* alcoholic liqueurs and cordials.

3. CONSTRUCTION, PARAGRAPH 309, WAR REVENUE ACT OF OCTOBER 3, 1917—DUTY—INTERNAL REVENUE TAX.

The provision of section 309, war revenue act of October 3, 1917, levying an additional duty on certain imported alcoholic beverages describes a duty and not an internal revenue tax.

4. EVIDENCE, PRESUMPTION IN FAVOR OF COLLECTOR'S FINDING.

When the claim of the protest is not established, the collector's decision, though erroneous, must stand.

### United States Court of Customs Appeals, May 23, 1921.

APPEAL from Board of United States General Appraisers, G. A. 8357 (T. D. 38457).

[Affirmed.]

*Comstock & Washburn* (*Albert H. Washburn* of counsel) for appellants.
*Bert Hanson*, Assistant Attorney General, for the United States.

[Oral argument Mar. 28, 1921, by Mr. Washburn and Mr. Hanson.]

Before SMITH, BARBER, DE VRIES, and MARTIN, Judges.

SMITH, Judge, delivered the opinion of the court:

Cordials imported at the port of New York in the years 1914, 1915, 1916, and 1917, and in warehouse subsequent to the passage of the revenue act of October 3, 1917, were classified by the collector of customs as cordials and spirituous beverages. On that classification the importation was subjected to the duty of $2.60 per gallon provided by paragraph 240 of the act of 1913, and also to the additional duty of $2.10 per gallon imposed by section 300 of the revenue act of October 3, 1917, on distilled spirits withdrawn for beverage purposes. Section 240 of the act of 1913 and section 300 of the act of October 3, 1917, in so far as pertinent to the case, read as follows:

---

[1] T. D. 38726.

TARIFF ACT OF 1913.

PAR. 240. Cordials, liqueurs, arrack, absinthe * * * and other spirituous beverages or bitters of all kinds, containing spirits, and not specially provided for in this section, $2.60 per proof gallon.

REVENUE ACT OF OCTOBER 3, 1917.

SEC. 300. That on and after the passage of this act there shall be levied and collected on all distilled spirits in bond at that time or that have been or that may be then or thereafter produced in or imported into the United States, * * * ( * * * if withdrawn for beverage purposes or for use in the manufacture or production of any article used or intended for use as a beverage, a tax of $2.10) on each proof gallon, or wine gallon when below proof, * * * to be paid by the distiller or importer when withdrawn, and collected under the provisions of existing law.

The importers did not challenge the duty of $2.60 a gallon exacted under paragraph 240 of the act of 1913, but did object to the additional duty of $2.10 per gallon and claimed that the provisions of the revenue acts of September 8, 1916, and October 3, 1917, were not applicable to the importation.

On the hearing before the Board of General Appraisers it was stipulated by the parties that the cordials involved in the protests were in fact cordials which did not contain wine and which were not sold as wine.

The board held that the additional duty assessable on the cordials was not $2.10 per gallon, as provided in section 300 of the act of October 3, 1917, but $2.60 per gallon in accordance with the terms of section 309 of said act, and the protest was therefore overruled without approving the action of the collector.

The importers appealed and now contend that the importation is subject neither to the additional duty exacted by the collector nor to the higher amount held by the board to be correct. In support of their contention importers argue, first, that there has been a long established legislative distinction between cordials and distilled spirits and that therefore the importation is not covered by section 300, which is limited to distilled spirits and perfumes and does not include cordials; second, that section 309 of the act of October 3, 1917, provides for such cordials only as are sold as wine and that as the cordials under consideration are neither made from wine nor sold as wine, they are not subject to the additional duty levied by that section; third, that if the importation be the class of cordials contemplated by section 309 of the act of 1917, the additional tax which attaches is that imposed by section 402 of the revenue act of 1916, and not that prescribed either by section 300 of the act of 1917 or by paragraph 240 of the act of 1913.

For more than 75 years spirits distilled from grain and other materials and cordials have been differentiated by Congress and have been provided for in numerous tariff acts as separate and distinct entities.—(Sec. 8, par. 5, tariff act of 1842; sec. 2, tariff act of 1862;

sec. 2, par. 1, tariff act of 1864; sec. 21, tariff act of 1870; schedule H, tariff act of 1883; pars. 329 and 332, tariff act of 1890; pars. 237 and 240, tariff act of 1894; and pars. 289 and 292, tariff act of 1897.) In the absence of any manifest legislative intent to the contrary we must conclude, and in fact the Government admits, that the distinction between cordials and distilled spirits still continues and that the latter designation does not include the former.—United States v. Beierle (1 Ct. Cust. Appls., 457–461; T. D. 31506); Garrison, Wright & Co. v. United States (121 Fed., 149); Reiche v. Smythe, Collector (13 Wall., 162); Robertson v. Rosenthal (132 U. S., 460). From this it follows that the cordials under consideration are not classifiable as distilled spirits and that they were not subject to the additional duty of $2.10 a gallon imposed by section 300 of the war revenue act of 1917.

The only provision of law imposing an additional tax on cordials eo nomine is section 309 of the act of 1917, which, in so far as pertinent, reads as follows:

SEC. 309. That upon all still wines, including vermuth, and upon all champagne and other sparkling wines, liqueurs, cordials, artificial or imitation wines or compounds sold as wine, produced in or imported into the United States, and hereafter removed from the customhouse, place of manufacture, or from bonded premises for sale or consumption, there shall be levied and collected, in addition to the tax now imposed by law upon such articles, a tax equal to such tax, to be levied, collected, and paid under the provisions of existing law.

The importers contend, however, first, that this provision lays an additional tax on such cordials only as are wine cordials or cordials sold as wine, and that as the cordials in controversy are neither wine cordials nor cordials sold as wine, section 309 can not be applied to the importation; second, that even if that section could be applied the additional tax which it charges to such goods must be regarded not as an import duty, but as an internal-revenue tax, and that, therefore, section 402 of the revenue act of 1916 and not section 240 of the act of 1913 determines the additional tax, if any there be, accruing to the Government.

Section 309 imposes a duty, first, on all wines whether still, sparkling, artificial or imitation, including vermuth, which, by the way, is not a wine, but a cordial as defined by lexicographers. —(Century Dictionary and Cyclopedia); second, on liqueurs and cordials; and, third, on compounds sold as wine.

Wine in the ordinary acceptation of the unmodified term is the product of the fermented juice of the grape. By extension, however, fermented and unfermented juices obtained from other fruits and plants and prepared in imitation of wine from grapes are also called wine, but such wines are distinguished from true wine by prefixing the name of the fruit or plant from which the juice is expressed.—

(See "wine," Century Dictionary and Cyclopedia; Standard Dictionary.)

Liqueurs are perfumed or flavored spirits sweetened by the addition of sugar, although the designation is also applied it seems to a very high grade of sweetened or unsweetened spirits which, although not artificially perfumed or flavored, have a characteristic delicate aroma of their own and a particularly agreeable taste.—(See "Liqueur," New International Encyclopedia and Encyclopedia Britannica, 11th ed.) ·

Cordials are a special kind of liqueur prepared either by adding brandy, alcohol, or other spirits and sugar to fresh fruit juices, or by distilling the fermented juices of fruits having a special flavor, or by fortifying an aromatized wine with brandy or other spirits.—(See "Liqueur," New International Encylcopedia and Encyclopedia Britannica, 11th ed. See "Vermuth," Century Dictionary and Cyclopedia and Encyclopedia Britannica, 11th ed. See "Maraschino," Standard Dictionary.)

"Compounds sold as wine," the third class of alcoholic beverages enumerated in paragraph 309, covers liquors which although sold as wine are not wines in fact, but wines compounded with spirits or other materials and which although compounded beverages like liqueurs and cordials, are not liqueurs or cordials, inasmuch as they bear the name of wines and are sold as wines. In this class are the fortified wines, especially certain ports and sherries, the alcoholic strength of which has been increased by the addition of brandy or other spirits. Such beverages are compounds and retain the name of wine and are sold as wine.—(See "sherry" and "port," Standard Dictionary and Century Dictionary and Cyclopedia.) Their char-. acteristics, however, distinguish them from wines and from all the other beverages enumerated in section 309, and therefore Congress put them in a class by themselves and gave them the distinctive designation "compounds sold as wine."

It is true that paragraph ·(e) of section·402 of the revenue act· of September 8, 1916, laid a tax on cordials *containing sweet wines fortified with grape brandy, whatever the name under which they were sold or offered for sale,* and that the Commissioner of Internal Revenue ruled that the tax thereby imposed could be ·assessed on such cordials only as contained fortified wine and that *so-called* cordials *if in fact wine or if sold as wine,* although containing fruit juices or distilled spirits, were taxable as ·wine. That ruling certainly limited paragraph (e) to such true cordials as contained wine or were sold as wine and exempted all other cordials from the tax, but the importers' contention that a like construction must be given to the word "cordials" in section 309 of the act of 1917, can not be sustained inasmuch as that section is not limited to cordials containing sweet wine or to cordials sold as wine.

To hold that the words "sold as wine" relate back not only to compounds but also to liqueurs and cordials, would exclude from the operation of the section all compounded liquors which were not sold as wines and restrict it to wines and beverages sold as wine. As that construction of the statute, however, would subject the wine cordials to an additional tax not imposed on cordials composed almost wholly of brandy or spirits, we are quite convinced that no such result as that was contemplated or intended by Congress. We are, therefore, of the opinion that *all* alcoholic liqueurs and cordials are subject to the provisions of section 309 and the tax therein prescribed.

We now come to the consideration of the point made by the importers that the tax contemplated by section 309 is an internal revenue tax and not a customs duty.

Beverages enumerated in the section, whether produced in or imported into the United States, are subjected to an additional tax equal to the tax "now imposed by law" thereon, and whether that additional tax is an internal revenue tax or a duty tax depends wholly on whether the goods are in or out of customs custody. Imported beverages of the kind enumerated in section 309, if withdrawn for consumption after payment of duties, were subject to an additional tax equal to that imposed thereon by internal revenue laws. On the other hand, if such imported beverages were in warehouse awaiting the payment of duties when the act of 1917 went into effect, they were subject to the duty laid thereon by the tariff laws applicable to them at the time of their withdrawal for consumption and to an additional tax equal to the duty so imposed.—United States *v.* Shallus & Co. (9 Ct. Cust. Appls., 168; T. D. 37999); United States *v* Billin & Co. (9 Ct. Cust. Appls., 286; T. D. 38223.)

The imported cordials in this case were in warehouse in customs custody after the passage of the revenue act of October 3, 1917, and were therefore subject not only to the duty of $2.60 per gallon provided by paragraph 240 of the act of 1913 but to an additional duty equal to that thereby imposed.

The decision of the Board of General Appraisers is *affirmed.*