LEWIS & CONGER ET AL. *v.* UNITED STATES (No. 2362)[1]

1. CONSTRUCTION, SECTION 304 (a), TARIFF ACT OF 1922—ADDITIONAL DUTY FOR NOT MARKING IS NOT PENAL—DUE PROCESS OF LAW.

The additional duty of 10 per centum levied by section 304 (a), Tariff Act of 1922, for failure to mark imported merchandise, is a duty, not a penalty.— *Bradford* v. *American Lithograph Co.*, 12 Ct. Cust. Appls. 318, T. D. 40318. The statutory procedure of protest, trial by the Board of United States General Appraisers, and appeal to the United States Court of Customs Appeals constitutes due process of law within the fifth amendment to the Constitution.

United States Court of Customs Appeals, April 20, 1925

APPEAL from Board of United States General Appraisers, G. A. 8711 (T. D. 39909) and Abstract 46771

[Affirmed.]

*John Giblon Duffy* for appellants.

*William W. Hoppin,* Assistant Attorney General (*J. G. Lerch* and *Marcus Higginbotham, jr.,* special attorneys, of counsel), for the United States.

[Oral argument January 15, 1925, by Mr. Duffy and Mr. Lerch]

Before GRAHAM, Presiding Judge, and SMITH, BLAND, and HATFIELD, Associate Judges; BARBER, Associate Judge, participating in the decision by agreement of counsel

SMITH, Judge, delivered the opinion of the court:

Goods imported at the port of New York which were capable of being marked, stamped, branded, or labeled without injury were

---

[1] T. D. 40862.

not marked, stamped, branded, or labeled as required by that part of section 304 (a) of the act of 1922, which reads as follows:

Sec. 304 (a). That every article imported into the United States which is capable of being marked, stamped, branded, or labeled without injury at the time of its manufacture or production, shall be marked, stamped, branded, or labeled in legible English words in a conspicuous place that shall not be covered or obscured by any subsequent attachments or arrangements, so as to indicate the country of origin. * * * Any such article held in customs custody shall not be delivered until so marked, stamped, branded, or labeled, and until every such article of the importation which shall have been released from customs custody not so marked, stamped, branded, or labeled shall be marked, stamped, branded, or labeled in accordance with such rules and regulations as the Secretary of the Treasury may prescribe.

Unless the article is exported under customs supervision, there shall be levied, collected, and paid upon every such article which at the time of importation is not so marked, stamped, branded, or labeled, in addition to the regular duty imposed by law on such article, a duty of 10 per centum of the appraised value thereof. * * *

The collector notified the importers in writing that the goods imported were not marked as required by law, whereupon the importations were marked as provided by statute and delivered to the importers. The goods having been imported unmarked and not having been exported, the collector assessed them with the additional duty imposed by section 304 (a).

The importers protested that the additional duty of 10 per centum of the appraised value assessed by the collector was a penalty collected without notice and without a hearing and resulted in depriving the importers of their property without due process of law.

The Board of General Appraisers overruled the protest and the importers appealed. In support of their appeal the importers insist that the additional duty contemplated by section 304 (a) is a penalty and that a penalty could not be levied without notice to the importers and without according to them a hearing or an opportunity to be heard. Appellants further contend that as they were not heard and were not given any opportunity to be heard the collection of 10 per centum of the appraised value of the importation deprived the importers of their property without due process of law in violation of the fifth amendment.

The statute in plain terms designates the 10 per centum so collected as a duty, and we have definitely held that it is a duty.—*Bradford* v. *American Lithograph Co.*, 12 Ct. Cust. Appls. 318, T. D. 40318. But if it were not a duty it was certainly exacted as a duty and against that exaction the importers had the right to protest and did protest.— *United States* v. *Shallus*, 9 Ct. Cust. Appls. 168, 171, 172, T. D. 37999. That protest gave to importers the right to have the issues raised by it determined by a competent judicial tribunal and those issues were so determined. From that determination the

protestants had a right of appeal to this court.   They have taken that appeal and until it is finally decided it can not be said that they have been definitely deprived of the moneys paid by them as additional duties or that such moneys have been definitely taken by the Government.

As the powers of the Government have been exercised in accordance with well-recognized principles of law and in conformity with a long-established and well-settled legal procedure, and as the rights of the importers have been fully safeguarded by a judicial hearing of the issues raised by their protests, we must hold that the appellants have not been deprived of their property without due process of law.

The judgment of the board is therefore *affirmed.*