ROSENBLOOM & CO. ET AL. *v.* UNITED STATES (No. 2477) [1]

1. SECTION 309, REVENUE ACT OF 1917—"LIQUEURS"—"CORDIALS"—BITTERS.
    Section 309, revenue act of 1917, levies additional duty on "liqueurs," "cordials," and other alcoholic beverages named, but does not cover bitters. Liqueur is a generic term which comprises all sweetened or aromatic spirituous beverages, and, therefore, includes cordials, which are a particular kind of liqueur, but it does not include bitters. Bitters are not even similar to the alcoholic beverages named. Bitters is an infusion of bitter ingredients, especially one made with spirits.

[1] T. D. 40884

2. CONSTRUCTION, SECTION 309, REVENUE ACT OF 1917—BATJER & Co. *v.* UNITED STATES, 11 CT. CUST. APPLS. 60, T. D. 38726, EXPLAINED.

*Batjer & Co.* v. *United States,* 11 Ct. Cust. Appls. 60, T. D. 38726, was to the effect that section 309, revenue act of 1917, provided for all alcholic *liqueurs,* not all alcoholic *liquors.*

3. RELATIVE SPECIFICITY—PARAGRAPHS 240 AND 239, TARIFF ACT OF 1913— "BITTERS"—"COMPOUNDS * * * OF * * * DISTILLED SPIRITS."

The provision of paragraph 240, tariff act of 1913, for "bitters" is less comprehensive and far more specific than that of paragraph 239 for "Compounds or preparations of which distilled spirits are a component part of chief value."

4. CONSTRUCTION, PARAGRAPH 239, TARIFF ACT OF 1913—BITTERS—DISTILLED SPIRITS.

Paragraph 239, tariff act of 1913, prescribing that compounds or preparations of which distilled spirits are a component part of chief value shall pay duty not less than that paid by distilled spirits, can not subject bitters, dutiable eo nomine under paragraph 240, to the additional duty provided for by paragraph 300, revenue act of 1917, on distilled spirits.

5. FERNET BRANCA BITTERS.

Fernet Branca bitters—distilled spirits to which bitters have been added— was dutiable under paragraph 240, tariff act of 1913, as bitters containing spirits. No additional duty was provided for it by the revenue act of 1917, or by section 300 or 309 thereof.

## United States Court of Customs Appeals, May 4, 1925

APPEAL from Board of United States General Appraisers, Abstract 47874

[Reversed.]

*Allan R. Brown* for appellants.
*William W. Hoppin,* Assistant Attorney General (*Marcus Higginbotham,* special attorney, of counsel), for the United States.

[Oral argument Mar. 24, 1925, by Mr. Brown and Mr. Hoppin]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

SMITH, Judge, delivered the opinion of the court:

Fernet Branca bitters, imported at the port of New York on May 21, 1917, were entered in bond at the port of New York and assessed for duty at the rate of $2.60 per gallon under the provisions of paragraph 240 of the tariff act of 1913, which reads as follows:

240. Cordials, liqueurs, arrack, absinthe, kirschwasser, ratafia, and other spirituous beverages or bitters of all kinds, *containing spirits,* and not specially provided for in this section, $2.60 per proof gallon. (Italics not quoted.)

The Fernet Branca bitters were in bonded warehouse, duty unpaid, when the revenue act of October 3, 1917, went into effect. The collector therefore reliquidated the entry and assessed the goods not only with the duty of $2.60 per proof gallon imposed by the paragraph above quoted but also with the additional duty of $2.10

prescribed by that part of section 300 of the act of 1917, which reads as follows:

300. That on and after the passage of this act there shall be levied and collected on all distilled spirits in bond at that time or that have been or that may be then or thereafter produced in or imported into the United States, except such distilled spirits as are subject to the tax provided in section 303, in addition to the tax now imposed by law, a tax of $1.10 (or, if withdrawn for beverage purposes or for use in the manufacture or production of any article used or intended for use as a beverage, a tax of $2.10) on each proof gallon, or wine gallon when below proof, and a proportionate tax at a like rate on all fractional parts of such proof or wine gallon, to be paid by the distiller or importer when withdrawn, and collected under the provisions of existing law, * * *

The importers protested that the merchandise was *not distilled spirits* for beverage purposes or for use in the manufacture of or production of any article used or intended for use as a beverage and that therefore it was not subject to the additional duty of $2.10 per proof gallon assessed thereon by the collector.

The Board of General Appraisers overruled the protest and the importers appealed.

On the hearing before the board no evidence was offered by the appellants and the case was submitted for decision upon the following stipulation as to the facts:

It is hereby stipulated and agreed between counsel that the merchandise in question consists of Fernet Branca bitters; that it is a spirituous beverage; that it contains spirits; that distilled spirits are the component part of chief value.

As Fernet Branca bitters is a compound or preparation of which distilled spirits is the component of chief value and as paragraph 239 of the act of 1913 levies a duty on such compounds or preparations not less than that prescribed for distilled spirits, the Government contends that the importation is subject to the additional duty imposed upon distilled spirits by section 300 of the act of 1917.

Paragraph 239 of the act of 1913, reads as follows:

239. On all compounds or preparations of which distilled spirits are a component part of chief value there shall be levied a duty not less than that imposed upon distilled spirits.

The contention of the Government would be sound and we would have to sustain it were it not for the fact that the tariff act under which additional duties were assessed provides for "bitters" *eo nomine*, a designation much less comprehensive and far more specific than the designation "compounds or preparations of which distilled spirits are a component part of chief value."

The act of October 3, 1917, was amendatory of the act of October 3, 1913, and levied no additional duty whatever on bitters. An additional duty *was* levied on liqueurs and cordials and other *eo nomine*

designated spirituous and fermented beverages, but not on bitters by section 309 of the act of 1917, which reads as follows:

309. That upon all still wines, including vermouth, and upon all champagne and other sparkling wines, liqueurs, cordials, artificial or imitation wines or compounds sold as wine, produced in or imported into the United States, and hereafter removed from the customhouse, place of manufacture, or from bonded premises for sale or consumption, there shall be levied and collected, in addition to the tax now imposed by law upon such articles, a tax equal to such tax, to be levied, collected, and paid under the provisions of existing law.

Bitters and cordials are not the same or even similar spirituous beverages and the board so found. See " Cordials"—New Standard Dictionary.

The distinctive quality which excludes bitters from the category of cordials also denies them classification as liqueurs. Liqueur is a generic term which comprises all sweetened or aromatic spirituous beverages and therefore includes cordials which are a particular kind of liqueur, but it does not include bitters, the characteristic of which is bitterness. See Liqueur and Cordials—New Standard Dictionary. See Cordial—Century Dictionary and Encyclopedia Britannica. See Liqueur—Encyclopedia Britannica. *Batjer & Co.* v. *United States*, 11 Ct. Cust. Appls. 60, 63.

Clearly the collector did not regard Fernet Branca bitters as either cordials or liqueurs inasmuch as he did not assess the bitters with the additional duty prescribed by section 309.

The parties stipulated that the spirituous beverage imported is Fernet Branca bitters. Bitters is an infusion of bitter ingredients, especially one made with spirits. See Bitters—New Standard Dictionary. The board finds that the merchandise consists of distilled spirits to which has been added bitters. We must therefore hold that the imported merchandise is bitters and that as no additional duty was imposed on bitters by the amendatory act of 1917, the importation should have been assessed at $2.60 per proof gallon.

In *Batjer & Co.* v. *United States, supra,* this court held that alcoholic liqueurs and cordials were subject to the provision of section 309 of the act of 1917, but it did not hold that all alcoholic *liquors* were provided for in that section as stated by the board.

The judgment of the Board of General Appraisers is *reversed.*