SESQUICENTENNIAL EXHIBITION ASSOCIATION v. UNITED STATES
(No. 3462)[1]

---

[1] T. D. 45466.

United States Court of Customs and Patent Appeals, January 25, 1932

*Weill, Blakely & Nesbit* (*B. A. Levett* of counsel) for appellant.
*Charles D. Lawrence*, Assistant Attorney General (*William Whynman* and *Ralph Folks*, special attorneys, of counsel), for the United States.

[Oral argument December 8, 1931, by Mr. Levett and Mr. Folks]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

GRAHAM, Presiding Judge, delivered the opinion of the court:

Merchandise of various kinds was imported by appellants for exhibition at the Sesquicentennial International Exhibition held at Philadelphia, Pa., in 1926. A large number of entries is represented by the seven protests filed herein, which have been consolidated and are being heard as one case. The goods were entered by special exhibition entries under the provisions of Joint Resolution No. 62, Sixty-eighth Congress, second session, 43 Stat. 1253, 1254, which, so far as material, is as follows:

*Resolved by the Senate and House of Representatives of the United States of America in Congress assembled,* That there is hereby established a commission, to be known as the National Sesquicentennial Exhibition Commission and to be composed of the Secretary of State and the Secretary of Commerce, to represent the United States in connection with the holding of an international exhibition in the city of Philadelphia, Pennsylvania, in 1926, in celebration of the one hundred and fiftieth anniversary of the signing of the Declaration of Independence. There is also established a commission to be known as the National Advisory Commission to the Sesquicentennial Exhibition Association and to be composed of two citizens from each of the several States, Alaska, Hawaii, the Philippine Islands, Porto Rico, the Canal Zone, and the Virgin Islands, to be appointed by the President, which commission is authorized to confer with and advise the officers and directors of the Sesquicentennial Exhibition Association under whose auspices the exhibition is to be held. There is hereby appropriated, out of any money in the Treasury not otherwise appropriated, the sum of not to exceed $25,000, to defray such expenses of the commissions herein established as shall be approved by the National Sesquicentennial Exhibition Commission.

SEC. 2. All articles that shall be imported from foreign countries for the sole purpose of display at such exhibition upon which there shall be a tariff or customs duty shall be admitted free of the payment of duty, customs fees, or charges, under such regulations as the Secretary of the Treasury shall prescribe; but it shall be lawful at any time during the exhibition to sell any goods or property imported for and actually on exhibition, subject to such regulations for the security of the revenue and for the collection of import duties as the Secretary of the Treasury may prescribe: *Provided,* That all such articles when sold or withdrawn for consumption or use in the United States shall be subject to the duty, if any, imposed upon such articles by the revenue laws in force at the date of

withdrawal; and on such articles which shall have suffered diminution or deterioration from incidental handling and exposure, the duty, if payable, shall be assessed according to the appraised value at the time of sale or withdrawal, and the penalties prescribed by law shall be enforced against any person guilty of any illegal sale, use, or withdrawal.

The goods in question here were duly exhibited, after entry, at the exposition, and were sold and delivered, from day to day, from the various exhibitors' booths, to customers. After the goods had been so sold, consumption entries were filed covering the same, and duty was assessed and collected according to the appropriate rates as scheduled in the Tariff Act of 1922.

These goods, when so sold, were not marked to indicate the country of origin, as provided by section 304 (a) of said Tariff Act of 1922. It is conceded that they were capable of being so marked without injury. The collector assessed and collected the 10 per centum duty upon said goods as provided by said section 304 (a), in addition to the scheduled rates.

The importer protested against the imposition of this additional duty, which protests were overruled by the United States Customs Court, and the importer has appealed. It is argued here, as ground for reversal of said judgment, that, under the terms of said Joint Resolution No. 62, it was not the congressional purpose to exact and collect such additional duties upon goods so entered, but that the ordinary scheduled duties only should be collected.

No attempt is made by the importer to make any showing that there is any legislative history or congressional proceedings which throws any light upon the interpretation of this joint resolution. Therefore, its intent must be gathered from its language.

It appears from the said language that goods might be admitted free of payment of duty if "for the sole purpose of display." This was an act of grace, or courtesy, enabling foreign exhibitors to bring their dutiable goods into the country without paying duties thereon. However, it is, by the language of the resolution, made lawful for the exhibitor to change his purpose and sell said goods. If he does so, he must do so on the same terms as any other importer of dutiable goods, namely, by the payment of all duties accruing thereon. This is not only the express language of the resolution; it is also, manifestly, within its purpose.

The additional duty of 10 per centum provided by said section 304 (a) has always been held by this court to be a duty, to be collected as other duties, and is not a penal provision. *Bradford* v. *United States,* 12 Ct. Cust. Appls. 318, T. D. 40318; *Kee et al.* v. *United States,* 13 Ct. Cust. Appls. 105, T. D. 40943; *Lewis & Conger* v. *United States,* 13 Ct. Cust. Appls. 22, T. D. 40862.

Therefore, when these goods were withdrawn for consumption, they were subject to the duty "imposed upon such articles by the

revenue laws in force at the date of withdrawal." The goods not being marked as provided by said section 304 (a), the additional duty of 10 per centum was properly imposed.

It is argued that the resolution implies a change from the general method of imposing duties upon imported goods, because it provides for a new method of appraisement. We do not so read the resolution. An appraisement at the time of withdrawal for consumption as to "articles which shall have suffered diminution or deterioration" is required. This, however, does not mean that the ordinary appraisement upon entry is not required upon all of said goods.

The judgment of the United States Customs Court is *affirmed*.