GOLDMAN *v.* UNITED STATES (No. 4278) [1]

---
[1] C. A. D. 139.

United States Court of Customs and Patent Appeals, July 1, 1940

*Tompkins & Tompkins* (*J. Stuart Tompkins* and *Allerton deC. Tompkins* of counsel) for appellant.

*Webster J. Oliver*, Assistant Attorney General (*Charles J. Miville* and *Richard E. FitzGibbon*, special attorneys, of counsel), for the United States.

Oral argument April 11, 1940, by Mr. J. Stuart Tompkins, Mr. Allerton deC. Tompkins, and Mr. FitzGibbon]

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges

HATFIELD, Judge, delivered the opinion of the court:

This is an appeal from a judgment of the United States Customs Court, Third Division.

Certain articles of furniture, imported into the United States at the port of New Orleans and claimed by the importer—appellant—to be free of duty under paragraph 1811 of the Tariff Act of 1930 as artistic antiquities produced prior to the year 1830, were held by the collector at that port to be unauthentic in respect to the antiquity claimed as a basis for free entry, and, in addition to the 40 per centum ad valorem rate of duty provided in paragraph 412, were assessed with a duty of 25 per centum ad valorem under section 489 of that act.

The importer protested, claiming in his original protest that the involved articles were artistic antiquities produced prior to the year 1830, and were, therefore, free of duty under paragraph 1811, *supra*. Thereafter, the importer amended his protest, claiming that the involved provisions of section 489 were unconstitutional, being in violation of "Article 1, Section 8, Par. 1; Article 1, Section 9, Par. 5; Fifth Amendment."

The statutory provisions in question read:

PAR. 1811. Works of art (except rugs and carpets made after the year 1700), collections in illustration of the progress of the arts, works in bronze, marble, terra cotta, parian, pottery, or porcelain, artistic antiquities, and objects of art of ornamental character or educational value which shall have been produced prior to the year 1830, but the free importation of such objects shall be subject to such regulations as to proof of antiquity as the Secretary of the Treasury may prescribe * * *.

PAR. 412. * * * furniture, wholly or partly finished, and parts thereof, and folding rules, all the foregoing, wholly or in chief value of wood, and not specially provided for, 40 per centum ad valorem * * *.

SEC. 489. ADDITIONAL DUTIES.

*        *        *        *        *        *        *

Furniture described in paragraph 1811 shall enter the United States at ports which shall be designated by the Secretary of the Treasury for this purpose. If any article described in paragraph 1811 and imported for sale is rejected as unauthentic in respect to the antiquity claimed as a basis for free entry, there shall be imposed, collected, and paid on such article, unless exported under customs supervision, a duty of 25 per centum of the value of such article in addition to any other duty imposed by law upon such article.

On the trial below, counsel for appellant, apparently abandoning the claim in appellant's original protest that the involved articles were actually artistic antiquities produced prior to the year 1830 and were, therefore, free of duty under paragraph 1811, *supra*, and relying exclusively upon the contention that the quoted provisions of section 489 are "unconstitutional," entered into a stipulation with counsel for the Government, the pertinent part of which reads:

1. That the merchandise covered by the above-named protest consists of certain furniture entered at the port of New Orleans, La. on June 18, 1935;

2. That under the regulations of the Secretary of the Treasury promulgated pursuant to the last paragraph of Section 489 of the Tariff Act of 1930, T. D. 44165, T. D. 44240, and T. D. 44241, the only ports where antique furniture or furniture claimed to be free of duty under the terms of paragraph 1811 of the Tariff Act of 1930, could be entered, were: New York, N. Y., Boston, Mass., Philadelphia, Pa., Baltimore, Md., New Orleans, La., San Francisco, Calif., Seattle, Wash., Los Angeles, Calif., Chicago, Ill., and Honolulu, Hawaii;

3. That said furniture was classified and assessed with duty by the New Orleans Collector at 40% *ad valorem* under paragraph 412 of the Tariff Act of 1930, plus 25% *ad valorem* under the last paragraph of Section 489 of said Act;

4. That the protest as amended claims that said merchandise is free of duty under paragraph 1811 of the Tariff Act of 1930, and that it is not chargeable with the 25% additional duty under said Section 489 because said Section is unconstitutional;

5. That the residence and place of business of the importer, S. Goldman, was and is in Houston, Texas;

6. That said furniture was imported for sale and not for the importer's personal use; and that it was rejected as unauthentic in respect to antiquity claimed as a basis for free entry;

7. That there were and are no ports of entry in the State of Texas for antique furniture;

*     *     *     *     *     *     *

It appears from the quoted stipulation that regulations were promulgated by the Secretary of the Treasury in T. D. 44165, T. D. 44240, and T. D. 44241, providing the only customs ports of entry in the United States for antique furniture or furniture claimed to be free of duty under paragraph 1811, *supra*, to be "New York, N. Y., Boston, Mass., Philadelphia, Pa., Baltimore, Md., New Orleans, La., San Francisco, Calif., Seattle, Wash., Los Angeles, Calif., Chicago, Ill., and Honolulu, Hawaii."

It is contended by counsel for appellant that the quoted provisions of section 489, *supra*, violate article I, section 9, clause 6 of the Constitution in that they authorize the Secretary of the Treasury to give preference by regulation to the ports of some of the States over those of others, and that the Treasury Department regulations, hereinbefore referred to, limiting the ports of entry, are in harmony with those provisions.

Article I, section 9, clause 6 reads:

No preference shall be given by any Regulation of Commerce or Revenue to the Ports of one State over those of another: nor shall Vessels bound to, or from, one State, be obliged to enter, clear, or pay Duties in another.

It will be observed that the paragraph of section 489 hereinbefore quoted consists of two provisions. The first, relates to the designation by the Secretary of the Treasury of ports at which furniture described in paragraph 1811 may be entered. The second, relates to the additional duties to be levied upon furniture described in paragraph 1811 which has been rejected as unauthentic in respect to the antiquity claimed as a basis for free entry. It is plain, as held by the trial court, that those two provisions are entirely independent of each other. Accordingly, a decision as to the validity of one would not affect the validity of the other. *Allen* v. *Louisiana*, 103 U. S. 80; *Connolly* v. *Union Sewer Pipe Co.*, 184 U. S. 540; *Dorchy* v. *State of Kansas*, 264 U. S. 286.

Counsel for appellant also contend that as the additional duty provided in the quoted provisions of section 489, *supra*, applies only to articles imported for sale, it is applicable only to dealers in such articles and is not applicable to importers who import such articles for their own use, and that, therefore, such additional duty is not uniform throughout the United States as is required by article I, section 8, clause 1 of the Constitution, which provides that all "Duties, Imposts and Excises shall be uniform throughout the United States." It is further contended by counsel for appellant that the quoted provisions of section 489, *supra*, also violate the due process clause of the Fifth Amendment.

It is argued in substance in the brief of counsel for appellant that, as appellant resided and had his place of business in Houston, Tex., he desired to enter his goods at some port—not specified—in Texas, and that he was prevented from doing so by the regulations of the Treasury Department promulgated pursuant to the quoted provisions of section 489, *supra*.

There is nothing in the record to indicate that appellant had any desire or that he made any attempt to enter his goods at any port in the United States other than the port of New Orleans. Furthermore, if the first provision of the quoted paragraph of section 489 might be considered invalid, appellant's entry at New Orleans would still be subject to the second provision of the quoted paragraph of section 489, if such provision, standing alone, is held to be valid. Accordingly, so far as the Treasury Department regulations limit or attempt to limit the ports of entry for antique furniture, counsel for appellant presents, as held by the trial court, an abstract proposition or an academic question, the correct solution of which would not determine any right or rights of the parties in the instant case. We must decline, therefore, to consider such question. *California* v. *San Pablo & Tulare Railroad*, 149 U. S. 308, 314; *Mills* v. *Green*,

159 U. S. 651, 653; *Massachuesetts* v. *Mellon*, 262 U. S. 447, 488.

It is so clear that the quoted provisions of section 489, *supra*, which are limited to articles of furniture "imported for sale," do not violate the uniformity provision of article I, section 8, clause 1 of the Constitution that no extended comment need be made. It clearly appears that the duty assessable upon such articles of furniture is uniform throughout the United States, within the purview of the involved provision of the Constitution, regardless of the fact that the ports of entry for such articles are attempted to be limited by the Treasury Department regulations to eight States and Honolulu, Hawaii. *Head Money Cases*, 112 U. S. 580; *Flint* v. *Stone Tracy Co.*, 220 U. S. 107, 158; *Brushaber* v. *Union Pacific Railroad Co.*, 240 U. S. 1, 24.

That the involved provisions of section 489, *supra*, do not violate the due process clause of the Fifth Amendment is apparent from the fact that appellant not only had the right, but that he exercised such right, to protest against the additional duties assessed under section 489, *supra*. Furthermore, appellant's rights have been fully safeguarded by a judicial hearing in the United States Customs Court, and, on appeal, in this court, of the issues raised by his protest. *Lewis & Conger et al.* v. *United States*, 13 Ct. Cust. Appls. 22, T. D. 40862. See also *Brushaber* v. *Union Pacific Railroad Co.*, *supra*, and cases cited therein.

We are in accord with the views expressed in the trial court's decision, and its judgment is *affirmed*.