**No. 50404.**—Protest 98772–K of Italian Furniture Frame Corp. (New York).

Opinion by EKWALL, J. From the evidence produced it was not clear to the court just what items were short shipped on one invoice and added to another invoice. Upon the record the court was unable to find that the collector erred in his assessment. The protest was therefore overruled.

**No. 50405.**—Protest 909111–G/11059 of Sazerac Co., Inc. (New Orleans).

Opinion by EKWALL, J. The only evidence produced consisted of the official papers including a report of the Government chemist as to the alcoholic content of the commodity and the testimony of one witness for the Government. Plaintiff did not specify which of the commodities enumerated under paragraph 802 in said T. D. 48316 he claims this merchandise to be, but in his brief claims it falls under the specific provision for liqueurs, or, in the alternative, for brandy. Government counsel contended that the protest should be dismissed as defective, apparently because of lack of specificity. The court, being of the opinion that the invoice description of the instant commodity and the mention of the commodity as "maraschino" is sufficient to direct the mind of the collector to the claim that the commodity is a liqueur, held the protest to be sufficient. The experience of the witness produced on behalf of the Government did not qualify him as an expert on imported cordials or liqueurs, and the chemist's report was of little value. However, in the answer to protest the appraiser stated that the merchandise was "found to be maraschino, an unsweetened compound." Plaintiff quoted dictionary definitions to support the claim that maraschino is a liqueur. (See *Batjer & Co. et al.* v. *United States,* 11 Ct. Cust. Appls. 60, T. D. 38726.) Inasmuch as the appraiser reported the commodity to be maraschino, unsweetened, and the definitions of "maraschino" describe same as a liqueur, it was held that the merchandise was properly dutiable at $2.50 per proof gallon, as claimed.

**No. 50406.**—SUIT 4465.—
*W. X. Huber Co.* v. *United States.* ▮ affirmed March 5, 1945.
C. A. D. 315.