(C. D. 174)

S. GOLDMAN *v.* UNITED STATES

United States Customs Court, Third Division

(Decided June 7, 1939)

*Tompkins & Tompkins* (*Allerton deC. Tompkins* of counsel) for the plaintiff.
*Webster J. Oliver*, Assistant Attorney General (*Charles J. Miville*, special attorney, and *Alfred A. Taylor, Jr.*, and *Joseph A. Howard, Jr.*, junior attorneys), for the defendant.

Before CLINE, EVANS, and KEEFE, Judges

CLINE, Judge: This is a suit against the United States, arising at the port of New Orleans, in which the plaintiff protests against the assessment of duty on certain antiques. The rate of duty claimed to have been illegally assessed is not stated in the protest but the record shows that the merchandise was classified as furniture and assessed at

the rate of 40 per centum ad valorem under paragraph 412 of the Tariff Act of 1930 and that an additional duty at the rate of 25 per centum ad valorem was assessed under the provisions of section 489. The plaintiff claims that the merchandise is free of duty as artistic antiquities under paragraph 1811 and that the assessment of the additional duty at the rate of 25 per centum ad valorem under section 489 was improper. The protest was amended before trial to include the claim that the assessment under section 489 was illegal because that section is unconstitutional, citing the following provisions of the Constitution of the United States: Article I, section 8, paragraph 1; Article I, section 9, paragraph 5; and the fifth amendment.

At the trial the case was submitted on a stipulation containing the following facts:

1. That the merchandise covered by the above-named protest consists of certain furniture entered at the port of New Orleans, La., on June 18, 1935;

2. That under the regulations of the Secretary of the Treasury promulgated pursuant to the last paragraph of Section 489 of the Tariff Act of 1930, T. D. 44165, T. D. 44240, and T. D. 44241, the only ports where antique furniture or furniture claimed to be free of duty under the terms of paragraph 1811 of the Tariff Act of 1930, could be entered, were: New York, N. Y., Boston, Mass., Philadelphia, Pa., Baltimore, Md., New Orleans, La., San Francisco, Calif., Seattle, Wash., Los Angeles, Calif., Chicago, Ill., and Honolulu, Hawaii;

3. That said furniture was classified and assessed with duty by the New Orleans Collector at 40% ad valorem under paragraph 412 of the Tariff Act of 1930, plus 25% ad valorem under the last paragraph of section 489 of said Act;

4. That the protest as amended claims that said merchandise is free of duty under paragraph 1811 of the Tariff Act of 1930, and that it is not chargeable with the 25% additional duty under said Section 489 because said Section is unconstitutional;

5. That the residence and place of business of the importer, S. Goldman, was and is in Houston, Texas;

6. That said furniture was imported for sale and not for the importer's personal use; and that it was rejected as unauthentic in respect to antiquity claimed as a basis for free entry;

7. That there were and are no ports of entry in the State of Texas for antique furniture.

Counsel for the plaintiff, in his brief, limits his argument to the claim that the assessment of additional duty at the rate of 25 per centum ad valorem under section 489 is illegal because the provision is unconstitutional. The pertinent parts of section 489 read as follows:

SEC. 489. * * * Furniture described in paragraph 1811 shall enter the United States at ports which shall be designated by the Secretary of the Treasury for this purpose. If any article described in paragraph 1811 and imported for sale is rejected as unauthentic in respect to the antiquity claimed as a basis for free entry, there shall be imposed, collected, and paid on such article, unless exported under customs supervision, a duty of 25 per centum of the value of such article in addition to any other duty imposed by law upon such article.

The plaintiff's claim that the above-quoted provision violates Article I, section 8, paragraph 1 of the Constitution of the United

States was passed upon by this court in the case of *Davies, Turner &
Co.* v. *United States*, T. D. 46421, adversely to the plaintiff's contention
and we find nothing in plaintiff's brief which is sufficient to establish
that the court erred in that decision. The court said:

\* \* \* The only remaining limitation on the power of Congress to levy taxes
in the form of duties on imports is the clause in section 8 of Article I of the Con-
stitution, requiring all duties to be uniform throughout the United States. Black,
in his work on constitutional law, third edition, page 209, states that the require-
ment of uniformity in tax laws "is complied with if the tax operates with the same
effect in all places where the subject of it is found." This was the rule pronounced
by the United States Supreme Court in the cases of *Cross* v. *Harrison*, 16 How.
164, 14 L. ed. 889; *Downes* v. *Bidwell*, 182 U. S. 244, 45 L. ed. 1088; the *Head
Money* cases, 112 U. S. 580, 28 L. ed. 798; *Brushaber* v. *Union Pacific R. R. Co.*,
240 U. S. 1, 60 L. ed. 493, and numerous cases cited therein. There is no evidence
in the case at bar that this additional-duty provision of section 489 fails to operate
with the same effect in all parts of the United States; therefore we find that it
does not violate the uniformity clause of the Constitution.

Plaintiffs' counsel argues that this provision of section 489 is illegal because it
discriminates between classes of importers and imposes a greater burden upon
persons in the business of importing for sale than upon those importing for their
own personal use or any purpose other than for sale. In our opinion, such a
classification does not violate any provision of the Federal Constitution. In the
case of *Veazie Bank* v. *Fenno*, 8 Wall. 533, 19 L. ed. 482, 488, it is stated in the
majority opinion of the United States Supreme Court that—

The power to tax may be exercised oppressively upon persons, but the respon-
sibility of the legislature is not to the courts, but to the people by whom its
members are elected. So if a particular tax bears heavily upon a corporation, or
a class of corporations, it cannot, for that reason only, be pronounced contrary
to the Constitution.

Again, in the cases of *Merchants' & M. Nat. Bank* v. *Pennsylvania*, 167 U. S.
461, 42 L. ed. 236, and *Beers* v. *Glynn*, 211 U. S. 477, 53 L. ed. 290, the Supreme
Court of the United States held that the Federal Constitution gives no right to
challenge a tax law upon the sole ground of the inequalities of the burdens im-
posed. The Congress, in its wisdom has exempted from the 25 per centum addi-
tional-duty provision of section 489 spurious antiques which are not imported for
sale but are intended for some personal use of the importer. Such an exemption
does not constitute an unjust discrimination against persons in the business of
importing for sale, and as it applies equally to all in that class, it is uniform.
Similar exemptions are found in paragraph 1798 of the Tariff Act of 1930, and
correlative provisions of former tariff acts admitting certain articles free of duty
when not imported for sale. In the case of *Atlantic Coast Line R. Co.* v. *Daughton*,
262 U. S. 413, 67 L. ed. 1051, the unanimous opinion of the United States Supreme
Court held that a constitutional requirement of uniformity in taxation is not
violated by permitting individuals and corporations generally to make deduc-
tions from income which are not allowed to public service corporations, the
classification being a reasonable one and applying equally to all of the same
class.

For the reasons stated herein, we find that the 25 per centum additional-duty
provision of section 489 of the Tariff Act of 1930 is valid.

In the same decision the court held that the provisions of section
489 did not violate the conditions of the fifth amendment of the

Constitution that "No person shall * * * be deprived of life, liberty, or property, without due process of law." The court said:

The importers in the instant case have exercised their right of protest against the collector's assessment of the 25 per centum additional duty under section 489, and this remedy, together with the right of appeal from the decision of this court to the Court of Customs and Patent Appeals, constitutes due process of law. It has been so held in the case of *Lewis & Conger et al.* v. *United States,* 13 Ct. Cust. Appls. 22, T. D. 40862, involving the 10 per centum additional duty assessed on unmarked merchandise. In that case, the appellate court stated:

* * * Appellants further contend that as they were not heard and were not given any opportunity to be heard the collection of 10 per centum of the appraised value of the importation deprived the importers of their property without due process of law in violation of the fifth amendment.

The statute in plain terms designates the 10 per centum so collected as a duty, and we have definitely held that it is a duty—*Bradford* v. *American Lithographic Co.,* 12 Ct. Cust. Appls. 318, T. D. 40318. But if it were not a duty it was certainly exacted as a duty and against that exaction the importers had the right to protest and did protest. *United States* v. *Shallus,* 9 Ct. Cust. Appls. 168, 171, 172, T. D. 37999. That protest gave to importers the right to have the issues raised by it determined by a competent judicial tribunal and those issues were so determined. From that determination the protestants had a right of appeal to this court. They have taken that appeal and until it is finally decided it can not be said that they have been definitely deprived of the moneys paid by them as additional duties or that such moneys have been definitely taken by the Government.

As the powers of the Government have been exercised in accordance with well-recognized principles of law and in conformity with a long-established and well-settled legal procedure, and as the rights of the importers have been fully safeguarded by a judicial hearing of the issues raised by their protests, we must hold that the appellants have not been deprived of their property without due process of law.

Writ of certiorari in the *Lewis & Conger* case, *supra,* was denied by the United States Supreme Court in 269 U. S. 564.

The only remaining question for discussion is whether the language in the last paragraph of section 489 violates the following provision in Article I, section 9, of the Constitution:

No preference shall be given by any regulation of Commerce or Revenue to the Ports of one State over those of another; nor shall vessels bound to, or from, one State, be obliged to enter, clear, or pay Duties in another.

Counsel for the plaintiff, in arguing in his brief that the above-quoted provisions of section 489 are unconstitutional, quotes from "Story on the Constitution," Vol. 1, page 702, wherein the scope of the constitutional provision is discussed and explained. He quotes also excerpts from the decisions in *Norris* v. *City of Boston,* 48 U. S. (7 Howard) 283, 409, 413; *The State of Pennsylvania* v. *Wheeling and Belmont Bridge Co.,* 59 U. S. (18 Howard) 421, 435; *Williams* v. *The Lizzie Henderson,* 29 Fed. Cas. 1373, 1375; and *Kuttroff, Pickhardt & Co.* v. *United States,* 12 Ct. Cust. Appls. 299, 304, T. D. 40313. We have examined the decisions cited by plaintiff and find that they do not involve issues of a character similar to the one herein under consideration. The excerpt quoted from *Norris* v. *City of Boston,*

*supra*, appears in the concurring opinion of Mr. Justice Wayne and reads as follows:

6. That the fifth clause of the ninth section of the first article of the Constitution, which declares that "no preference shall be given by any regulation of commerce or revenue to the ports of one State over those of another State; nor shall vessels bound to or from one State be obliged to enter, clear, or pay duties in another," is a limitation upon the power of Congress to regulate commerce for the purpose of producing entire commercial equality within the United States, and also a prohibition upon the States to destroy such equality by any legislation prescribing a condition upon which vessels bound from one State shall enter the ports of another State.

Counsel for the defendant takes the position that the right to import goods into the United States is not a vested right but a privilege granted by Congress and that Congress may prescribe conditions upon which foreign merchandise may be imported into the United States, citing *Buttfield* v. *Stranahan*, 192 U. S. 470; *United States* v. *American Express Co.*, 177 Fed. 735, T. D. 30368; *Sang Lung et al.* v. *Jackson*, 85 Fed. 502; *Trustees of University of Illinois* v. *United States*, 20 C. C. P. A. 134, T. D. 45773. The defendant contends that Congress has the right to declare a total embargo upon the importation of an article and it has the right to designate certain ports of entry for particular articles of merchandise. The defendant quotes the following excerpt from the decision in *State of Pennsylvania* v. *Wheeling and Belmont Bridge Co.*, *supra:*

Besides, it is a mistake to assume that congress is forbidden to give a preference to a port in one State over a port in another. Such preference is given in every instance where it makes a port in one State a port of entry, and refuses to make another port in another State a port of entry. No greater preference, in one sense, can be more directly given than in this way; and yet, the power of congress to give such preference has never been questioned. Nor can it be without asserting that the moment congress makes a port in one State a port of entry, it is bound, at the same time, to make all other ports in all other States ports of entry.

The last paragraph of section 489, which is the only portion of that section involved in this case, contains two separate and distinct provisions, neither of which is contingent upon the other. The first sentence provides that furniture described in paragraph 1811 shall enter the United States at ports which shall be designated by the Secretary of the Treasury and the second sentence provides that, if any article described in paragraph 1811 and imported for sale is rejected as unauthentic in respect to the antiquity claimed as a basis for free entry, a duty of 25 per centum ad valorem shall be assessed on the article. The first sentence appears to be a regulation of commerce and the second sentence is a duty assessing provision.

The plaintiff claims that the first sentence is void because it is in violation of the provisions of the Constitution and that accordingly duty should not have been assessed under the second sentence. We

cannot agree with that contention. We are of opinion that the two sentences are wholly independent of each other. Therefore, a decision on the constitutionality of the first sentence would not affect the validity of the second sentence. In the case of *Allen* v. *Louisiana*, 103 U. S. 80, the court said:

It is an elementary principle that the same statute may be in part constitutional and in part unconstitutional, and that if the parts are wholly independent of each other, that which is constitutional may stand while that which is unconstitutional will be rejected. "But," as was said by Chief Justice Shaw, in *Warren* v. *Mayor and Aldermen of Charlestown* (2 Gray (Mass.) 84), "if they are so mutually connected with and dependent on each other, as conditions, considerations, or compensations for each other as to warrant a belief that the legislature intended them as a whole, and that, if all could not be carried into effect, the legislature would not pass the residue independently, and some parts are unconstitutional, all the provisions which are thus dependent, conditional, or connected must fall with them." The point to be determined in all such cases is whether the unconstitutional provisions are so connected with the general scope of the law as to make it impossible, if they are stricken out, to give effect to what appears to have been the intent of the legislature.

In *Connolly* v. *Union Sewer Pipe Co.*, 184 U. S. 540, it was said:

* * * If different sections of a statute are independent of each other, that which is unconstitutional may be disregarded, and valid sections may stand and be enforced. But if an obnoxious section is of such import that the other sections without it would cause results not contemplated or desired by the legislature, then the entire statute must be held inoperative.

In *Dorchy* v. *State of Kansas*, 264 U. S. 286, it was said:

A statute bad in part is not necessarily void in its entirety. Provisions within the legislative power may stand if separable from the bad. *Berea College* v. *Kentucky*, 211 U. S. 45, 54–56; *Carey* v. *South Dakota*, 250 U. S. 118, 121. But a provision, inherently unobjectionable, cannot be deemed separable unless it appears both that, standing alone, legal effect can be given to it and that the legislature intended the provision to stand, in case others included in the act and held bad should fall.

Standing alone, legal effect can be given to the second sentence of the last paragraph of section 489. Hence, it follows that the court is requested to decide an abstract or moot question which is beyond the province of the court. In the case of *California* v. *San Pablo & Tulare Railroad*, 149 U. S. 308, the United States Supreme Court, at page 314, said:

* * * The duty of this court, as of every judicial tribunal, is limited to determining rights of persons or of property, which are actually controverted in the particular case before it. When, in determining such rights, it becomes necessary to give an opinion upon a question of law, that opinion may have weight as a precedent for future decisions. *But the court is not empowered to decide moot questions or abstract propositions, or to declare, for the government of future cases, principles or rules of law which cannot affect the result as to the thing in issue in the case before it.* [Italics ours.]

The same doctrine was announced in *Mills* v. *Green*, 159 U. S. 651, 653.

Plaintiff's only reason for prosecuting this suit is to secure a refund of the additional duty assessed at the rate of 25 per centum ad valorem. Section 6 of the agreed statement of facts in this case states that the furniture was imported for sale and that it was rejected as unauthentic in respect to the antiquity claimed as a basis for free entry. Therefore we hold that, irrespective of whether or not the first sentence in the last paragraph of section 489 is unconstitutional, the additional duty at the rate of 25 per centum ad valorem was properly assessed under the second sentence in that paragraph.

On the authority of *Davies, Turner & Co.* v. *United States, supra,* and for the reasons herein stated, the protest is overruled. Judgment will be entered in favor of the defendant.