(C. D. 316)

AMERICAN IMPORT CO. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided April 15, 1940)

*Philip Stein* for the plaintiff.

*Webster J. Oliver*, Assistant Attorney General (*Richard F. Weeks*, special attorney), for the defendant.

Before CLINE, EVANS, and KEEFE, Judges

CLINE, Judge: These two suits against the United States were consolidated for trial. According to the language of the protests the plaintiff seeks to recover duties assessed by the collector at the port of Los Angeles. With the exception of the entry numbers and other

data peculiar to the shipments, the language of the protests is identical, the pertinent parts of which read as follows:

The reasons for objections, under the Tariff Act of 1930, are that said merchandise or its immediate containers were properly marked in accordance with Section 304 of the Tariff Act of 1930.

That the 10% penalty under Section 304 for not being legally marked was illegally assessed.

That the liquidated damages for failure to redeliver the willow baskets was illegally assessed.

That duty was taken twice on the same merchandise.

That the importer should not be charged or penalized for the failure of the examiner to examine or the collector to designate a proper number of packages for examination, inspection, and classification.

No testimony was offered at the trial but counsel submitted the case on the following statements:

Mr. STEIN. The penalty was mitigated by the Treasury Department, and actually this case is a moot case, but I think it was mitigated after the protest was filed; and in order that the procedure may be in order and that the cases show some disposition I think that we should have the statement in the record in each of these other two cases, showing that it was mitigated, so that the court can enter its judgment accordingly.

There is nothing left to be claimed, but the fact is that the Treasury took it under consideration after the protest was filed, as I understand it.  *  *  *

Mr. WEEKS. I move to dismiss them.

Judge CLINE. Motion noted.

Mr. STEIN. I object to the motion, on the ground that the court has jurisdiction, notwithstanding the fact that the Treasury mitigated the penalty, and I consent to a judgment by this court equal to the amount of the mitigated penalty.

We accept plaintiff's statement as an admission that he has no claim against the Government and therefore there appears to be nothing before the court for consideration except defendant's motion to dismiss.

In the case of *S. Goldman* v. *United States*, 2 Cust. Ct. 446, C. D. 174, where the plaintiff requested the court to decide a question not pertinent to the decision of the case, the court said at page 451:

*  *  *  Hence, it follows that the court is requested to decide an abstract or moot question which is beyond the province of the court.   In the case of *California* v. *San Pablo & Tulare Railroad*, 149 U. S. 308, the United States Supreme Court, at page 314, said:

*  *  *  The duty of this court, as of every judicial tribunal, is limited to determining rights of persons or of property, which are actually controverted in the particular case before it.   When, in determining such rights, it becomes necessary to give an opinion upon a question of law, that opinion may have weight as a precedent for future decisions.   *But the court is not empowered to decide moot questions or abstract propositions, or to declare, for the government of future cases, principles or rules of law which cannot affect the result as to the thing in issue in the case before it.*   [Italics quoted.]

The same doctrine was announced in *Mills* v. *Green*, 159 U. S. 651, 653.

For the reasons stated in the cases cited defendant's motion to dismiss the protests is granted.   Judgment will be entered accordingly.