**No. 50887.**—Protests 110236–K, etc., of Hooker Electrochemical Co. (Seattle).

MOLLISON, Judge: This case comes before us on a motion made by counsel for the defendant to dismiss the plaintiff's protests on either of two grounds: (1) That the question presented is moot, or (2) that the merchandise involved was not "imported into the United States" within the meaning of those words as used in the Icelandic Trade Agreement (T. D. 50956) under which plaintiff claims.

The merchandise in question consisted of herring oil which came to the United States by tank cars from Canada and was entered without deposit of duty for manufacture in a bonded warehouse, class six, pursuant to the provisions of section 311 of the Tariff Act of 1930 on October 22 (entry W. H. 168–A), and November

16, 1943 (entry W. H. 198–A). Entry was made at the rates of 5 cents per gallon under the provisions of paragraph 52 of the Tariff Act of 1930 and 3 cents per pound under the provisions of section 2491 (a) of the Internal Revenue Code (title 26, U. S. Code), and, presumably, was covered by either a general bond or single entry bonds as required by section 19.14 of the Customs Regulations, 1943.

Subsequently, and on November 19, 1943, the Icelandic Trade Agreement, *supra*, became effective and reduced the rate on herring oil under the tariff act to 2½ cents per gallon, and the rate under the revenue code to 1½ cents per pound.

According to statement found in the official papers, all but a comparatively small amount of the oil covered by entry 168–A had been withdrawn for transportation and exportation prior to the effective date of the trade agreement, but none of the oil covered by entry 198–A had, at that time, been so withdrawn.

The entries were liquidated on May 13, 1944, at the rates of 5 cents per gallon and 3 cents per pound under the tariff act and revenue code provisions hereinbefore cited, without the benefit of the trade agreement reductions, and the instant protests were thereupon filed.

At the trial of the issue counsel for the plaintiff offered in evidence a letter addressed to the collector of customs at the headquarters port of Seattle, Wash., by the deputy collector at the subport of Tacoma, giving details as to the quantities of oil received, the quantities of manufactured product exported, and the quantities lost in manufacture and destroyed under customs supervision, by which it appears that all of the original oil was accounted for as either having been exported or lost in manufacture, and that consequently no duties were due or payable.

In support of its motion counsel for the defendant points out that the plaintiff has paid no duty, is not chargeable with duty, and is not entitled to any refund of duty, and hence has not suffered, is not in danger of suffering any damage, and is not by these suits seeking to enforce a right or remedy a wrong.

In reply, plaintiff's counsel urges that it is not required either by statute, rule, or decision, that damage be alleged or proved in order to support an action in this court, and points to the fact that the court has jurisdiction to determine the issues raised under the provisions of section 514 of the Tariff Act of 1930 in cases relating to merchandise entered in bond for warehouse, and that in the exercise of that jurisdiction decisions are necessarily rendered without regard to the fact that much or all of the involved merchandise may subsequently be withdrawn for export, with consequent abatement of duties.

We have, however, been able to find no case in which it having been brought to the attention of the court that the situation was such that its decision could not affect the result of the controversy before it, the court proceeded to a determination thereof. On the contrary, it has been consistently held otherwise. See *S. Goldman* v. *United States*, 2 Cust. Ct. 446, C. D. 174, affirmed in 28 C. C. P. A. 162, C. A. D. 139; *American Import Co.* v. *United States*, 4 Cust. Ct. 172, C. D. 316; *Eurasia Import Co.* v. *United States*, 6 id. 477, Abstract 45015; *American Import Co.* v. *United States*, 6 id. 621 Abstract 45788; and *Pan Pacific Importers, Ltd.* v. *United States*, 10 id. 442, Abstract 48225. See also *C. J. Tower & Sons et al.* v. *United States*, 20 C. C. P. A. 364, T. D. 46131, and *Bulova Watch Co.* v. *United States*, 21 id. 156, T. D. 46494.

The following is urged by counsel for the plaintiff as a "practical reason for taking jurisdiction over a case such as this":

The importer's liability under his customs bond depends upon the amount of duty that would have been payable thereon if the merchandise had been entered for consumption. Section 25.4 (18) of the regulations provides:

Bond on entry for or withdrawal from manufacturing warehouse (single entry), customs Form 7571, in an amount equal to the aggregate sum of double the estimated amount of ordinary customs duty on the merchandise, as determined at the time of entry (including any taxes required by law to be treated as duties) plus the estimated amount of any other tax or taxes on the merchandise collectible by the collector of customs.

While the bond is based upon "the estimated amount" of duty and tax, the estimate would be subject to increase or decrease if it proved to be erroneous, whereupon a new bond would be appropriate as contemplated by section 25.5 (e); for tariff section 623 (a) gives the Secretary of the Treasury broad powers in this connection. Refusal or neglect of the collector to correct his estimate, by reliquidation or otherwise, after the duty and tax had been reduced 50 percent by the Iceland agreement, would preclude substitution of a new bond carrying half the liability of the one previously given. These considerations establish the right of plaintiff to have his bond liability placed on a proper basis.

We are unable to see how a decision of this court, rendered after the exportation of the involved merchandise, and, presumably, after cancellation or crediting of the bond given in connection therewith, could affect the bond liability of the plaintiff.

We are satisfied, therefore, that the case is moot, and the motion to dismiss on that ground is granted. Under the circumstances it is unnecessary to discuss the alternate ground urged for dismissal.