**WEAR ME APPAREL CO., Plaintiff,**

**v.**

**The UNITED STATES, Defendant.**

**Slip Op. 86-52.**
**Court No. 81-4-00448.**

United States Court of
International Trade.

May 12, 1986.

Grunfeld, Desiderio, Lebowitz & Silverman, Michael P. Maxwell, New York City, for plaintiff.

Richard K. Willard, Asst. Atty. Gen., Washington, D.C., Joseph I. Liebman, Atty. in Charge, Intern. Trade Field Office, Civ. Div., Dept. of Justice, Florence M. Peterson, New York City, for defendant.

*Memorandum Opinion and Order*

DiCARLO, Judge:

Defendant moves to dismiss this action challenging the exclusion of merchandise for lack of jurisdiction. The question presented is whether the Court has jurisdiction over a challenge to the exclusion of merchandise after the importer has removed the merchandise from the customs territory of the United States to a foreign trade zone. The Court holds that it does not have jurisdiction and grants defendant's motion to dismiss.

In December 1980 Customs refused to allow plaintiff to enter merchandise for consumption under plaintiff's visas and the merchandise was sent to a Customs bonded warehouse. In April 1981 plaintiff commenced an action pursuant to 28 U.S.C. § 1581(a) (1982) contesting the denial of its protest. Approximately one year later plaintiff filed its complaint demanding that the merchandise be held classifiable under the quota categories for which it had obtained visas.

In February 1985 Customs gave notice that the merchandise which had been stored in the Customs bonded warehouse for more than five years would be sold at public auction. Customs action was taken in accordance with 19 C.F.R. §§ 127.14(a) and 144.5(a) (1985), which require that such merchandise be sold at public auction if not withdrawn within five years.

Plaintiff did not attempt to preserve jurisdiction by moving under the All Writs Act, 28 U.S.C. § 1651(a) (1982), for an injunction prohibiting public auction of the merchandise in the Customs bonded warehouse pending the Court's determination. *Cf. Alberta Gas Chemicals, Inc. v. United States*, 85 Cust.Ct. 122, C.R.D. 80–13, 496 F.Supp. 1332 (1980). Instead, plaintiff withdrew its merchandise for export by

transferring the merchandise to a foreign trade zone as "zone-restricted merchandise." *See* 19 C.F.R. § 146.25 (1985).

Defendant specifically argues that the Court lacks jurisdiction because the action is moot. Plaintiff concedes that the action is moot with respect to two entries which were entered under visa waivers and liquidated. With respect to the merchandise in the foreign trade zone, plaintiff theorizes that if the Court were to enter an order ruling as to the proper classification of such merchandise for quota purposes, it would then seek a ruling by the Foreign Trade Zone Board that return of the zone-restricted merchandise to Customs territory for domestic consumption was in the public interest. Zone-restricted merchandise can be transferred from a foreign trade zone to the customs territory only when the Foreign Trade Zone Board rules that the public interest would be served by such a transfer. 19 U.S.C. § 81c (1982 & Supp. II 1984); 19 C.F.R. § 146.47 (1985).

■ In its complaint, plaintiff alleges jurisdiction under 28 U.S.C. §§ 1581(a) and 1581(i)(3)–(4). Generally section 1581(i) does not provide jurisdiction where an action is properly brought under another jurisdictional provision. *United States v. Uniroyal, Inc.*, 69 CCPA 179, 182–83, 687 F.2d 467, 471 (1982). Jurisdiction is exercised under section 1581(i) where "it would be inappropriate for the Court to require the exhaustion of administrative remedies" under section 1514(a). *United States Cane Sugar Refiners' Ass'n v. Block*, 3 CIT 196, 202, 544 F.Supp. 883, 887, *aff'd*, 69 CCPA 172, 683 F.2d 399 (1982); *see United States v. Uniroyal, Inc., supra.* Since the exhaustion of administrative remedies under section 1514(a) was appropriate in this case, the action was not properly brought under 28 U.S.C. § 1581(i).

■ Section 1581(a) is the proper jurisdictional provision for bringing this action to contest the denial of a protest under 19 U.S.C. § 1514(a)(4), which provides for review of Customs decisions relating to "the exclusion of merchandise from entry or delivery or a demand for redelivery to cus-

toms custody under any provision of the customs laws...." The merchandise was excluded by Customs after Customs refused entry and while the merchandise remained in the Customs bonded warehouse.

■ Under the Foreign Trade Zone Act, 19 U.S.C. § 81a–u (1982 & Supp. II 1984), merchandise is deemed exported once it is transferred from customs territory to a foreign trade zone:

[A]rticles which have been taken into a zone from customs territory for the sole purpose of exportation, ... or storage shall be considered to be exported for the purpose of—

(1) the draw-back, warehousing, and bonding, or any other provisions of the Tariff Act of 1930, as amended, and the regulations thereunder....

19 U.S.C. § 81c(a). "For purposes of the entry of foreign merchandise ... a foreign trade zone is not considered to be a part of the customs territory of the United States." *Hawaiian Independent Refinery v. United States*, 81 Cust.Ct. 117, 118, C.D. 4777, 460 F.Supp. 1249, 1251 (1978).

Under these circumstances the Court does not have jurisdiction under 28 U.S.C. § 1581(a). Plaintiff's protest and complaint challenge the exclusion of merchandise. The Court holds that the merchandise lost its status as excluded merchandise after it was released from Customs custody and exported to a foreign trade zone. When the merchandise was exported plaintiff's protest was abandoned and this action contesting the denial of the protest could no longer could be maintained. *See Hooker Electrochemical Co. v. United States*, 16 Cust.Ct. 223 (1946). Since the Court lacks jurisdiction, the Court need not address plaintiff's argument that it would benefit from a determination as to the proper classification of plaintiff's merchandise for quota purposes.

Judgment will be entered accordingly. So ordered.