Slip Op. 06-179

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| ALLSTATES TRADING & CLOTHING CO., INC., | : |
| | : |
| Plaintiff, | : |
| | : Before: Richard K. Eaton, Judge |
| v. | : |
| | : Court No. 04-00245 |
| UNITED STATES, | : |
| | : |
| Defendant. | : |
| | : |

OPINION AND ORDER

[Plaintiff's motion for summary judgment to the extent it seeks a declaration that its merchandise is Vietnamese in origin and an order directing Customs to release its merchandise pursuant to paragraphs 1-5 of its amended complaint is denied as moot; Defendant's cross-motion for summary judgment to the extent it addresses the actions taken by the port director in excluding plaintiff's merchandise is denied as moot; Plaintiff's motion for summary judgment with respect to its claim for storage costs as provided in paragraph 6 of its amended complaint and defendant's cross-motion for summary judgment to the extent it seeks judgment in its favor on this issue, are denied, subject to renewal at a later date; Plaintiff's motion for summary judgment with respect to its demand in paragraph 7 of its amended complaint seeking the removal from Customs's database of the electronic flag alerting Customs to give special attention to future entries of plaintiff's merchandise and defendant's cross-motion for summary judgment to the extent it seeks judgment in its favor on this issue, are denied, subject to renewal at a later date.]

Dated: December 8, 2006

*Law Offices of George R. Tuttle* (*Carl Don Cammarata* and *George R. Tuttle, III*), for plaintiff.

*Peter D. Keisler*, Assistant Attorney General; *Barbara S. Williams*, Attorney-in-Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, United States Department of Justice (*Jack S. Rockafellow*), for defendant.

Eaton, Judge: This matter is before the court on cross-motions for summary judgment pursuant to USCIT Rule 56(c) of plaintiff Allstates Trading & Clothing Co., Ltd. ("plaintiff" or "Allstates") and defendant the United States.  By its motion, plaintiff challenges the denial of its protest of the Bureau of Customs and Border Protection's ("Customs") exclusion of 7,170 men's polar fleece vests based on Customs's determination that the documentation submitted to establish the country of origin of the subject merchandise was not authentic.  *See* Pl.'s Mem. Supp. Mot. Summ. J. ("Pl.'s Mem.") at 13.  By its complaint, plaintiff asks the court to direct Customs to release its merchandise, to require the United States to pay all fees associated with storing the vests while the merchandise was denied entry into the United States and to remove the electronic flag from plaintiff's future entries of merchandise.[1]  *See* Am. Compl. at 9–10.  Customs asserts that plaintiff's motion has been rendered moot because the agency has conceded that the merchandise originated in Vietnam and the vests have been released into the United States.

---

[1]     Customs maintains an electronic database called the "Automated Broker Interface," or "ABI."  *See* http://www.cbp.gov/xp/cgov/import/operations_support/automated_systems/abi/features.xml (last visited Dec. 8, 2006).  This database is intended to reduce the number of entry documents that are submitted in paper form, and allows for entry of summary information to be "transmitted prior to the arrival of merchandise."  *Id*.  The ABI system also serves to notify the port director of imports that could require special attention. *See id*.

*See* Reply Pl.'s Opp'n Def.'s Cross-Mot. Summ. J. ("Def.'s Reply") at 1-2.  For the following reasons, (1) plaintiff's motion for summary judgment to the extent it seeks a declaration that its merchandise is Vietnamese in origin and an order directing Customs to release its merchandise pursuant to paragraphs 1-5 of its amended complaint is denied as moot; (2) defendant's cross-motion for summary judgment to the extent it addresses the actions taken by the port director in excluding plaintiff's merchandise is denied as moot; (3) plaintiff's motion for summary judgment with respect to its claim for storage costs as provided in paragraph 6 of its amended complaint and defendant's cross-motion for summary judgment to the extent it seeks judgment in its favor on this issue are denied, subject to renewal at a later date; and (4) plaintiff's motion for summary judgment with respect to its demand in paragraph 7 of its amended complaint seeking the removal from Customs's database of the electronic flag alerting Customs to give special attention to future entries of plaintiff's merchandise and defendant's cross-motion for summary judgment to the extent it seeks judgment in its favor on this issue are denied, subject to renewal at a later date.

## BACKGROUND

The following facts are undisputed.  Plaintiff is an importer of men's spun polyester knit fabric polar fleece vests.

*See* Pl.'s Mem. at 3; Def.'s Resp. Pl.'s Statement Material Facts

("DRPF") at 2.  On March 11, 2004, it attempted to enter 7,170

units of the subject merchandise at the port of Oakland,

California.  *See* Pl.'s Mem. at 3; DRPF at 2.  The entry was dated

March 17, 2004.  *See* Pl.'s Mem. at 3; DRPF at 2.  At the time of

entry, plaintiff submitted documentation in accordance with, what

was then, 19 C.F.R. § 12.130(f)(2) (2004) stating that Vietnam

was the country of origin of the vests.[2]  *See* Pl.'s Mem. at 3;

DRPF at 2.  According to Customs, plaintiff's "documentation did

not include any production records maintained on the factory

floor, such as cutting tickets and sewing tickets, which would

provide direct evidence of the production processes relating to

---

[2]     In accordance with 19 C.F.R. § 12.130(f) (2004):

> All importations of textiles and textile
> products subject to section 204, Agricultural
> Act of 1956, as amended, shall be accompanied
> by the appropriate declaration(s) set forth
> in paragraphs (f)(1) or (f)(2) of this
> section.  Textiles or textile products
> subject to section 204 include that
> merchandise [that is in chief value of
> cotton, wool or man-made fibers]. . . .  The
> declaration(s) shall be filed with the entry.
> The declaration(s) may be prepared by the
> manufacturer, producer, exporter or importer
> of the textiles and textile products. . . .
> The determination of country of origin . . .
> will be based upon information contained in
> the declaration(s). . . .  Entry will be
> denied unless accompanied by a properly
> executed declaration(s).

19 C.F.R. § 12.130(f) (2004).  This provision is no longer part
of Customs's regulations.

the manufacture of the merchandise in issue."  Decl. of Erik K.

Grotz 4/19/05 at 1.  In addition, the port director stated that

"[t]he type of documents submitted were charts and tables

apparently created after production.  Many of these charts . . .

were illegible and did not appear to be complete."  *Id.* at 2.[3]

Thus, unconvinced that the documentation established Vietnam as

the country of origin of the subject merchandise, Customs,

---

[3]     An example of the then-required declaration is provided
for in Customs's 2004 regulations:

MULTIPLE COUNTRY DECLARATION

I, _____ (name), declare that the articles
described below and covered by the invoice or entry to which this
declaration relates were exported from the country* identified
below on the dates listed and were subject to assembling,
manufacturing or processing operations in, and/or incorporate
materials originating in, the foreign territory or country* or
countries*, or the U.S. or an insular possession of the U.S.,
identified below.  I declare that the information set forth in
this declaration is correct and true to the best of my
information, knowledge, and belief.

A ...................................... (country*)
B ...................................... (country*)
C ...................................... (country*)
D ...................................... (country*)
etc.

| Marks of indentification, numbers | Description of article and quantity | Description of manufacturing and/or processing operations | Date and country of manufacture and/or processing | | Materials | | |
|---|---|---|---|---|---|---|---|
| | | | Country | Date of exportation | Description of material | Country of production | Date of exportation |
| | | | | | | | |

19 C.F.R. § 12.130(f)(2) (2004).

pursuant to, what was then, 19 C.F.R. § 12.130(g),[4] sent

plaintiff a "Request for Information" dated March 17, 2004.  *See*

Pl.'s Mem. at 17; DRPF at 2.  Allstates responded to the request

on three different dates: March 26, 2004; April 6, 2004; and

April 13, 2004.  *See* Pl.'s Mem. at 17; DRPF at 3.  Customs found

plaintiff's responses to its Request for Information to be

equally unreliable, and, thus, on April 20, 2004, denied entry of

the vests.  *See* Pl.'s Mem. at 19; DRPF at 6 ("Admits that San

Francisco Import Specialist Erik Grotz . . . stated that the

vests were excluded because the documentation provided [did] not

appear authentic.") (internal quotation marks omitted).

Plaintiff timely filed a protest of Customs's determination on

May 12, 2004.  *See* Summons of 6/21/04.  On May 28, 2004, Customs

denied the protest and, in accordance with 19 U.S.C. § 1514(a)(4)

---

[4]    The regulation provided, in pertinent part:

> If the port director is unable to determine
> the country of origin of an article from the
> information set forth in the declaration, the
> declarant shall submit additional information
> as requested.  Release of the article from
> Customs custody will be denied until the
> determination is made based upon the
> information provided or the best information
> available.  In this regard if incomplete or
> insufficient information is provided, the
> port director may consider the experience and
> costs of domestic industry in similar
> manufacturing or processing operations.

19 C.F.R. § 12.130(g) (2004).  Like 19 C.F.R. § 12.130(f), this
provision is no longer part of Customs's regulations.

(2000) and 28 U.S.C. § 1581(a) (2000), plaintiff timely commenced an action in this Court challenging that denial.  *See id*.

Plaintiff insists that Customs unreasonably excluded its vests and acted beyond its authority by requesting additional country of origin information because the submitted documentation was complete and sufficient to permit the port director to determine that the vests originated in Vietnam.  The United States, on behalf of Customs, asserts that because Customs has now conceded that Vietnam is, in fact, the country of origin of plaintiff's merchandise and released the vests, plaintiff's motion for summary judgment is moot, and any opinion rendered by this court addressing plaintiff's claim that Customs acted *ultra vires* in requesting more country of origin information would be purely advisory.  *See* Def.'s Reply at 2.[5]

DISCUSSION

I.   Plaintiff's Motion for Summary Judgment

A.   Mootness

By its motion, plaintiff contests the actions taken by Customs in excluding its merchandise.  The crux of plaintiff's

---

[5]    Customs points out that it attempted to stipulate that the vests originated in Vietnam in exchange for plaintiff abandoning its remaining claims, but plaintiff refused.  *See* Def.'s Reply at 1 & n.1.  Nonetheless, the record indicates that plaintiff's vests have been released from Customs custody and have entered the United States.

claim is its assertion that it "filed with Customs all of the documentation required for entry, including the Declaration of Origin executed by the exporter . . .[,]" in compliance with 19 C.F.R. § 12.130(f).  Pl.'s Mem. at 20.  In plaintiff's view, that documentation was sufficient to establish that the vests originated in Vietnam and, because of the completeness of its submission, Customs did not have the authority pursuant to 19 C.F.R. § 12.130(g) to request additional country of origin information.  *See id*.  It is apparently plaintiff's position that if the country of origin declaration is complete on its face, Customs is foreclosed from seeking more information.  According to plaintiff:

> [I]f the Declaration is incomplete or insufficient (as stated in the title to the provision) so that the Port Director is unable to make the determination from the information contained therein, the Port Director is authorized to request additional information.  However, if all of the specified information is provided in the Declaration, in that event the Port Director will have sufficient information to be able to determine the country of origin and is not authorized to request additional information. Any other interpretation of [§ 12.130(g)] would render the regulation meaningless, as the Port Director could always request additional information and there would be no purpose for the declaration if it cannot be relied upon.

*Id*. at 22–23 (emphasis omitted).  Thus, plaintiff maintains that because its country of origin submission complied with the regulation, Customs did not have the authority to ask for more

information and to continue to exclude the vests.

Customs, by its cross-motion for summary judgment, first asserts that its decision to ask plaintiff for additional country of origin information and to exclude the vests until it received such information is entitled to a presumption of correctness in accordance with 28 U.S.C. § 2639(a)(1).[6]  *See* Mem. Supp. Def.'s Cross-Mot. Summ. J. Opp'n Pl.'s Mot. Summ. J. ("Def.'s Mem.") at 7.  For Customs, Allstates has failed to meet its burden to overcome that presumption, and therefore the agency is entitled to judgment as a matter of law.  *See id.*

Customs argues alternatively that, in the event the court concludes plaintiff has met its burden, Customs nonetheless had the authority to seek more information regarding country of origin despite the completeness of the importer's declaration. *See* Def.'s Mem. at 7; *see also* 19 C.F.R. § 12.130(g).

Following the filing of each party's initial papers, plaintiff filed a response in opposition to Customs's cross-

---

[6]      According to that provision:

> [I]n any civil action commenced in the Court
> of International Trade under section 515,
> 516, or 516A of the Tariff Act of 1930, the
> decision of the Secretary of the Treasury,
> the administering authority, or the
> International Trade Commission is presumed to
> be correct.  The burden of proving otherwise
> shall rest upon the party challenging such
> decision.

28 U.S.C. § 2639(a)(1).

motion for summary judgment that served to alter the facts before the court.  *See generally* Pl.'s Mem. Opp'n Def.'s Cross-Mot. Summ. J. & Reply Def.'s Resp. Pl.'s Mot. Summ. J. ("Pl.'s Opp'n").  Upon review of plaintiff's filing, which according to Customs contained "important new information," Customs conceded that the vests came from Vietnam and released the merchandise. Def.'s Reply at 1.  It is not clear from the record what new information in plaintiff's filing tipped the scales for Customs with respect to the vests' country of origin.  In any event, based on this new information, Customs attempted to dispose of this case by stipulated judgment.  These efforts failed when plaintiff refused to abandon its subsidiary claims for relief, i.e., its demands for storage costs and the removal of the electronic flag from future entries of its merchandise.  *See id.* at 1–2 n.1.

The court now turns to whether Customs's concession that the vests originated in Vietnam and the consequent release of plaintiff's merchandise from Customs custody renders this action moot.

The mootness doctrine is rooted in Article III, section 2 of the Constitution, which "limits the exercise of the judicial power to 'cases' and 'controversies.'"  *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 239 (1937).  "If a dispute is not a proper case or controversy, the courts have no business deciding it, or

expounding the law in the course of doing so."  *DaimlerChrysler Corp. v. Cuno*, 126 S.Ct. 1854, 1860-61 (2006).  Indeed, "when the challenged conduct ceases such that there is no reasonable expectation that the wrong will be repeated, then it becomes impossible for the court to grant any effectual relief whatever to [the] prevailing party."  *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000) (alterations in original) (internal citations and quotation marks omitted).  Simply put, "[t]here is no case or controversy once the matter has been resolved."  Charles Alan Wright & Mary Kay Kane, *Law of Federal Courts* § 12 at 63 (6th ed. 2002); *see also Pap's A.M.*, 529 U.S. at 287 (finding that a federal court may not entertain a claim where "the issues presented are no longer live or the parties lack a cognizable interest in the outcome") (internal citations and quotation marks omitted).  An exception to the mootness doctrine applies where the claimed wrong is "capable of repetition, yet evading review." *Moore v. Ogilvie*, 394 U.S. 814, 816 (1969) (internal citation and quotation marks omitted).

There can be no doubt that the release of plaintiff's goods into the United States makes moot its demand for the release of the merchandise.  As to the question of whether Customs's conduct is capable of repetition yet evading review, and, thus, falls within the exception to the mootness doctrine, there are two bases for finding that the exception does not apply.

First, if Customs were to unjustly exclude future entries of plaintiff's merchandise, that action would give rise to a protestable event and thus would be reviewable.  The same would be true if Customs were now to demand redelivery of the merchandise that is the subject of this action.  *See* 19 U.S.C. § 1514(a)(4) (permitting an importer to protest a decision by Customs concerning "the exclusion of merchandise from . . . a demand for redelivery to customs custody under any provision of the customs laws").  Thus, even if Customs were to repeat its behavior, it would not prevent plaintiff from seeking and gaining judicial review.  *See Wear Me Apparel Co. v. United States*, 10 CIT 332, 334, 636 F. Supp. 481, 483 (1986) ("[28 U.S.C. §] 1581(a) is the proper jurisdictional provision for bringing [an] action to contest the denial of a protest under 19 U.S.C. § 1514(a)(4).").

Second, there is no indication that the specific challenged conduct can, in fact, be repeated.  This is because, even if the court were to credit plaintiff's arguments with respect to the conclusiveness of its declaration, the prospect of Customs repeating its actions was eliminated on October 5, 2005, when § 12.130 was revised and re-designated generally as 19 C.F.R. § 102.22 (2006).  *See* Country of Origin of Textile and Apparel Prods., 70 Fed. Reg. 58,009, 58,011 (Dep't Homeland Security, Oct. 5, 2005).  In the revised regulation, § 12.130(f) was

eliminated.  *See id*. at 58,011 (indicating that "[a]s a consequence of relocating the provisions of § 12.130 to Part 102, § 12.130 is removed from the . . . regulations").  As a result of this change, Customs no longer requires an importer to submit a country of origin declaration.  Similarly, § 12.130(g), which previously granted Customs the authority to seek additional country of origin information when the information contained in the importer's declaration was insufficient or incomplete, was combined with § 12.130(h) in new § 102.23(b).  *See id*. at 58,012.  According to this revised section, "[i]f the port director is unable to determine the country of origin of a textile or apparel product, the importer must submit additional information as requested by the port director."  19 C.F.R. § 102.23(b).  Notably absent from the new regulation is the phrase "from the information set forth in the declaration."[7]  19 C.F.R. § 12.130(g).

The new regulations thus ensure that the precise conduct about which plaintiff complains is not capable of repetition, yet evading review.  Therefore, because plaintiff no longer suffers

---

[7]    The court ordered that the parties each submit a letter brief addressing the impact, if any, of the new regulations on the instant action.  *See* Order of 8/16/06.  While the parties acknowledge that the 2006 regulation has no legal effect on Customs's conduct in 2004, each party further recognizes that the new regulations preclude any repetition of the conduct challenged here.  *See* Pl.'s Letter Br. of 8/25/06 at 2; Def.'s Letter Br. of 8/25/06 at 3.

an injury fairly traceable to Customs's conduct, and because the instant action does not fall within the exception to the mootness doctrine, to the extent that plaintiff's action seeks the release of its merchandise and a declaration that the vests originated in Vietnam, it is dismissed as moot. *See St. Pierre v. United States*, 319 U.S. 41, 42 (1943) ("A federal court is without power to decide moot questions or to give advisory opinions which cannot affect the rights of the litigants in the case before it."); *see also Golden v. Zwickler*, 394 U.S. 103, 108 (1969) ("The federal courts established pursuant to Article III of the Constitution do not render advisory opinions.") (internal quotation marks and alterations omitted).  In like manner, defendant's cross-motion on this issue is equally moot.


    B.    Storage Costs

    While plaintiff's primary cause of action is moot, its other claims still may have life. *See*, *e.g.*, *Fulton Corp. v. Faulkner*, 516 U.S. 325, 327 n.1 (1996) (citing *Powell v. McCormack*, 395 U.S. 486, 498-500 (1969)).  By its complaint, plaintiff further asks the court to direct Customs to pay it "accrued storage fees and costs" resulting from what it views as the unlawful exclusion of its merchandise.  Am. Compl. at 10.  Plaintiff contends that the court has jurisdiction over this claim because it relates directly to the denial of its protest.

Defendant argues that this additional cause of action "exceeds the scope of this Court's jurisdiction or is more than the Government is legally required to grant."  Def.'s Reply at 1 n.1.  Because defendant questions the presence of subject matter jurisdiction to hear plaintiff's claim, the burden rests with plaintiff to establish that the court indeed possesses jurisdiction.  *See Cedars-Sinai Med. Ctr. v. Watkins*, 11 F.3d 1573, 1583 (Fed. Cir. 1993).

Pursuant to 19 U.S.C. § 1514(a), an importer is permitted to protest the following decisions by Customs:

> (1) the appraised value of merchandise;
>
> (2) the classification and rate and amount of duties chargeable;
>
> (3) all charges or exactions of whatever character within the jurisdiction of the Secretary of the Treasury;
>
> (4) the exclusion of merchandise from entry or delivery or a demand for redelivery to customs custody under any provision of the customs laws, except a determination appealable under section 1337 of this title;
>
> (5) the liquidation or reliquidation of an entry, or reconciliation as to the issues contained therein, or any modification thereof;
>
> (6) the refusal to pay a claim for drawback; or
>
> (7) the refusal to reliquidate an entry under section 1520(c) of this title . . . .

19 U.S.C. § 1514(a).  It is well settled that where Customs has

denied an importer's protest of its decision regarding one of the seven issues listed above, this Court has jurisdiction to review the reasonableness of the denial.  *See* 28 U.S.C. § 1581(a); *see also Mitsubishi Elec. Am., Inc. v. United States*, 44 F.3d 973, 976 (Fed. Cir. 1994).  However, as the statute specifically limits the decisions that can be protested, the Court's jurisdiction is likewise restricted to a review of those same decisions.  *See Mitsubishi*, 44 F.3d at 977 ("Thus, without a decision under section 1514(a), the trial court correctly determined that it lacked jurisdiction under section 1581(a).").

What is not clear is how the demand for "accrued storage fees and costs" should be characterized.  That is, whether or not the payment of these sums are being challenged as "exactions" and thus reviewable as a result of its protest.  19 U.S.C. § 1514(a)(3).  If the payments were exactions, jurisdiction is proper under 28 U.S.C. § 1581(a).

If on the other hand, these amounts are seen as expenditures for which plaintiff claims it should be reimbursed, other statutory provisions may control.  Under 28 U.S.C. § 1581(i)(4), the Court's residual jurisdiction provision, the Court is empowered to hear "any civil action commenced against the United States, its agencies, or its officers, that arises out of any law of the United States providing for . . . [the] administration and enforcement with respect to the matters referred to in . . .

subsections (a)-(h) of this section."  As a result, even if the storage fees and costs are not of a nature that could be the subject of a protest, they may be characterized as having been incurred as a result of Customs's administration and enforcement of the Customs laws.  Thus, it would appear that § 1581(i)(4) might be a source of jurisdiction.

Here, however, the doctrine of sovereign immunity comes into play.  Sovereign immunity requires the consent of the United States before it or its agencies can be sued.  That is, for the United States or its agencies to be sued in federal court, they must first agree to be sued.  "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."  *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994).  Further, "[s]overeign immunity is jurisdictional in nature.  Indeed, the 'terms of [the United States'] consent to be sued in any court define the court's jurisdiction to entertain the suit.'"  *Id.* (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)); *see also* 14 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3654, at 281 (3d ed. 1998) ("The natural consequence of the sovereign immunity principle is that the absence of consent by the United States is a fundamental defect that deprives the district court of subject matter jurisdiction.").  Thus, the court must determine whether the United States has waived the protection provided by the

doctrine of sovereign immunity.

   If the payments are not seen as "exactions," plaintiff's claim is at law and seeks an order from the court directing the United States to pay it money damages to cover the costs incurred for storing the vests while the goods were excluded from the country.  In order "[t]o sustain a claim that the Government is liable for awards of monetary damages, the waiver of sovereign immunity must extend unambiguously to such monetary claims." *Lane v. Pena*, 518 U.S. 187, 192 (1996) (citation omitted).  Such waivers are found in the Federal Tort Claims Act ("FTCA"), where the United States consents to be sued "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."  28 U.S.C. § 1346(b).  However, the FTCA is clear in its instruction that the United States and its agencies retained the right to be free from suit in federal courts regarding "[a]ny claim arising in respect of the assessment or collection of any tax or customs duty, or the detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer . . . ."  28 U.S.C. § 2680(c); *see also Worman v. United States*, 98 F.3d 1360 (Fed. Cir. 1996) (unpublished table decision) ("While the FTCA waives sovereign immunity for some tortious actions committed by the government, it is clear that there is no waiver for tortious

acts committed by Customs officials arising out of the detention of goods."). The United States Supreme Court has held that "the fairest interpretation of the crucial portion of [28 U.S.C. § 2680(c)] is the one that first springs to mind: 'any claim arising in respect of' [the assessment or collection of any customs duty] means any claim 'arising out of' [the assessment or collection of any customs duty] . . . ." *Kosak v. United States*, 465 U.S. 848, 854 (1984) (quoting 28 U.S.C. § 2680(c) (1982)).

Should it be that Customs's actions resulted from its obligation to collect the proper amount of duty owed, the harm suffered by plaintiff arose, if at all, from "the assessment or collection of [a] . . . customs duty." 28 U.S.C. § 2680(c). Therefore, because the United States has not given its consent to be sued for money damages arising out of the assessment or collection of a customs duty, the court would not have jurisdiction to entertain plaintiff's claim for the storage costs incurred as a result of Customs's actions.

It is clear, therefore, that the nature of costs and fees must be known before the court can determine if it has jurisdiction. As a result, both parties' motions for summary judgment are denied, subject to renewal at a later date.

C.   Removal of Electronic Flag

By its complaint, plaintiff next asks the court to

"[d]irect[] [d]efendant to remove the electronic flag which designates to Customs Import Specialist teams that merchandise imported by [p]laintiff should be detained and production document requests issued." Am. Compl. at 10. Plaintiff, however, does not assert nor establish the court's jurisdiction to grant the requested relief. Likewise, both parties fail to address adequately the facts surrounding the purported electronic flagging procedure employed by Customs. Thus, without a demonstrated basis for jurisdiction, and in the absence of proper facts, it is not possible at this time for the court to adjudicate plaintiff's final claim. As a result, each party's motion for summary judgment is denied, subject to renewal at a later date.


                          CONCLUSION

   Based on the foregoing, it is hereby

   ORDERED that plaintiff's motion for summary judgment to the extent it seeks a declaration that its merchandise is Vietnamese in origin and an order directing Customs to release its merchandise pursuant to paragraphs 1–5 of its amended complaint is denied as moot;

   ORDERED that defendant's cross-motion for summary judgment to the extent that it addresses the actions taken by the port director in excluding plaintiff's merchandise is denied as moot;

ORDERED that plaintiff's motion for summary judgment with respect to its claim for storage costs as provided in paragraph 6 of its amended complaint and defendant's cross-motion for summary judgment to the extent it seeks judgment in its favor on this issue are denied;

ORDERED that plaintiff's motion for summary judgment with respect to its demand in paragraph 7 of its amended complaint seeking the removal from Customs's database of the electronic flag alerting Customs to give special attention to future entries of plaintiff's merchandise and defendant's cross-motion for summary judgment to the extent it seeks judgment in its favor on this issue are denied; and it is further

ORDERED that the parties appear on January 12, 2007 at 11:00 A.M. in Courtroom 2 at the United States Court of International Trade, One Federal Plaza, New York, NY 10278 for a scheduling conference.  Judgment shall be entered accordingly.


                                          /s/Richard K. Eaton
                                            Richard K. Eaton

Dated:  December 8, 2006
        New York, New York